**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **STEVEN BELT**<br>5821 Norham Drive<br>Alexandria, VA 22315<br>*Resident of the City of Alexandria*<br><br>**LAURA COUNCIL**<br>3234 Comly Road<br>Philadelphia, PA 19154<br>*Resident of Philadelphia County*<br><br>and<br><br>**JAMES HARRIS**<br>2115 Saranac Avenue<br>Pittsburgh, PA 15216<br>*Resident of Allegheny County*<br><br>Plaintiffs,<br><br>v.<br><br>**P.F. CHANG'S CHINA BISTRO, INC.**<br>7676 E. Pinnacle Peak Road<br>Scottsdale, Arizona 85255<br><br>Serve:  National Registered Agents, Inc.<br>         2405 York Road<br>         Suite 201<br>         Timonium, Maryland 21093<br><br>Defendant. | Class/Collective Action Claim<br><br><br> Civil Action No.:<br><br><br><br>Jury Trial Requested |

**COLLECTIVE AND CLASS COMPLAINT FOR WAGES OWED**

STEVEN BELT, LAURA COUNCIL and JAMES HARRIS, Plaintiffs, by and through

their undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submit their Complaint

against P.F. CHANG'S CHINA BISTRO, INC., Defendant, to recover unpaid wages, liquidated

damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); unpaid wages, interest, reasonable attorneys' fees and costs under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*. (hereinafter, "PMWA"); and unpaid wages, interest, reasonable attorneys' fees and costs under the Virginia Minimum Wage Act, Va. Code § 40.1-28.8, *et seq*. (hereinafter, "VMWA").

## INTRODUCTION AND BACKGROUND

P.F. Chang's China Bistro, Inc. ("Defendant") operates numerous food and beverage establishments across the United States. Defendant hired Plaintiffs and other similarly situated employees to work at these establishments. Plaintiffs and others similarly situated hold or held the title of server. Their duties centered on preparing food and beverage items for service.

Defendant paid Plaintiffs and other similarly situated employees an hourly "tip-credit" wage. In addition to these wages, they also received tips. The combination of these payments did not result in Plaintiffs and other servers being paid correctly. They were paid well below the standard minimum wage. Their duties did not exempt them from the minimum wage requirements.

Employers are only permitted to pay tipped employees below the minimum wage when certain conditions are satisfied. These conditions are outlined within the tip-credit provisions of the FLSA. These conditions are not satisfied if the untipped work related to an employee's tipped occupation exceeds twenty (20) percent of the employee's workweek. They are also not satisfied if an employee is required to perform work that is unrelated to his or her tipped occupation. Under these circumstances, the employer must pay the full minimum wage. Both of these circumstances exist in the present matter.

Defendant required Plaintiffs and others similarly situated to perform untipped work, related to their tipped occupation, in excess of twenty (20) percent of their workweek. Plaintiffs and other similarly situated employees received tips for their work serving food, drinks and

interacting with customers. However, Plaintiffs and others similarly situated were also required to perform work that did not give them the ability to earn tips. This untipped work was performed before, during and after their tip-producing tasks. They performed this work at the direction of Defendant without being paid at an untipped wage.

Plaintiffs and other similarly situated employees were also required to perform various tasks related to sanitation, health and maintenance. They regularly performed this work for the duration of their employment. They were entitled to at least the full minimum wage for the performance of this work. However, Defendant failed to pay Plaintiffs and other servers the appropriate wage rate.

Defendant willfully violated the regulations that govern tipped employees. Plaintiffs' and other similarly situated employees' tips and wages consistently failed to meet the minimum wage for each hour of work. If an employee's tips and wages combined do not equal the hourly minimum wage, the employer is required to make up the difference. Defendant consistently failed to do so.

Due to Defendant's failure to pay Plaintiffs and other servers the required minimum wage, they in turn were not paid correctly for overtime. Plaintiffs and other servers routinely worked over forty (40) hours each week. They should have received "time and a half" their regular rate of pay for each hour worked over forty (40). However, because their regular rate was not properly calculated, neither were their overtime wages; they were not paid "time and a half" at the properly calculated rate.

Defendant willfully and intentionally evaded the payment of wages owed to Plaintiffs and others similarly situated. Defendant's unlawful pay policies caused Plaintiffs and other servers to be denied the compensation they rightfully earned. Defendant's policies are direct violations of the tip credit, minimum wage and overtime pay requirements set forth by federal and state wage laws.

## THE PARTIES

1. Plaintiff Steven Belt (hereinafter, "Belt") is an adult resident of Alexandria, Virginia.

2. Plaintiff Laura Council (hereinafter, "Council") is an adult resident of Philadelphia County, Pennsylvania.

3. Plaintiff James Harris (hereinafter, "Harris") is an adult resident of Alleghany County, Pennsylvania.

4. Defendant P.F. Chang's China Bistro (hereinafter, "Defendant") is an incorporated for-profit business.[1]

5. Defendant maintains its principal corporate office in Scottsdale, Arizona.

6. Defendant is engaged in the sale of food and beverage items.

7. Defendant operates various dining establishments across the United States and Puerto Rico.

8. Defendant operates approximately two hundred and fifteen (215) establishments in total.

9. Upon information and belief, the same unlawful practices described herein are implemented at all of Defendant's establishments.

10. Defendant is subject to the FLSA, the PMWA and the VMWA due to the nature of its business; Defendant is primarily engaged in the sale of food and beverage items.

---

[1] Any reference to Defendant shall include P.F. Chang's China Bistro's corporate officers and all those empowered to act as agents of the corporation, either explicitly or implicitly, or who are designated as agents under the doctrine of apparent agency. To the extent individual agents of P.F. Chang's China Bistro are responsible for any actions alleged in this Complaint, they are hereby incorporated by reference within the term "Defendant."

11. Defendant is subject to the FLSA, the PMWA and the VMWA due to the amount in revenues generated; Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

12. At all times relevant to this Complaint, Plaintiffs engaged in interstate commerce based on the duties they performed as part of their employment with Defendant.

13. At all times throughout Plaintiffs' employment, Defendant fell within the definition of the term "employer" under the FLSA, 29 U.S.C. § 203(d), PMWA § 333.103(g) and VMWA § 40.1-28.9(a). Plaintiffs and others similarly situated worked as non-exempt employees for Defendant.

14. From approximately May 1, 2017 until February 1, 2018, Plaintiff Belt was employed with Defendant.

15. From approximately November 1, 2014 to the present, Plaintiff Council has been employed with Defendant.

16. From approximately September 2015 to the present, Plaintiff Harris has been employed with Defendant.

17. At all times relevant to this Complaint, Defendant controlled the administration of its business and set employee schedules, including the schedules of Plaintiffs and others similarly situated.

18. Defendant possessed and exercised the authority to determine the hours worked by Plaintiffs and other similarly situated employees.

19. Defendant had the authority to control Plaintiffs' assigned tasks and the tasks of others similarly situated.

20. Defendant had the power and authority to change the nature of Plaintiffs' and other similarly situated employees' duties.

21. Defendant made all decisions relating to Plaintiffs' and other similarly situated employees' rates and method of pay.

22. Plaintiffs and members of the putative class recognized Defendant's authority and obeyed Defendant's instructions.

## JURISDICTION AND VENUE

23. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, as this matter presents a federal question.

24. Discretionary supplemental jurisdiction of Plaintiffs' state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same case or controversy and derive from a common nucleus of operative facts, on which Plaintiffs' federal claims are based.

25. No reasons exist that would force this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate the claims over which this Honorable Court has original jurisdiction and (iii) no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. 1367(c).

26. This Honorable Court has personal jurisdiction over Defendant; Defendant conducts sufficient business within the forum state so as to constitute a submission to its laws.

27. Pursuant to 28 U.S.C. § 1391 (c) and 28 U.S.C. § 1391 (b)(1), venue is appropriate; Defendant regularly conducts business within the state of Maryland.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

28. Defendant operates hundreds of dining establishments throughout the United States. Defendant staffs numerous employees to assist with the operation of its establishments.

29. Defendant hired Plaintiffs and other similarly situated employees to perform various food and beverage service tasks.

30. Plaintiffs and others similarly situated hold or held the title of server. Their duties were typical of those associated with their role. Their duties primarily consisted of serving food and drinks to patrons. They had to wait on tables and describe daily specials. They were required to regularly check on patrons throughout their meal. At the end of a customer's meal, they were also required to collect payment.

31. In exchange for their work, Plaintiffs and others similarly situated typically received tips from patrons. However, they also performed work that did not give them the ability to earn tips. This work did not involve interacting with, nor serving food and beverages to customers.

32. Plaintiffs and other servers had to perform various preparatory tasks. They had to prepare and affix labels to sauces, prepare the drink machines and ensure the sugar caddies were full. They also spent a considerable amount of time polishing dishes and were constantly required to roll silverware throughout their shifts.

33. Plaintiffs and other servers also had to perform tasks relating to sanitation, health and maintenance. Sanitizing the kitchen and dining areas are common examples. They also had to bag and take out the trash.

34. At the beginning and end of their shifts, Plaintiffs and others similarly situated also had to perform various cleaning tasks. This consisted of cleaning tables and chairs, dusting, sweeping and polishing. They were also expected to perform routine maintenance work throughout their day.

35. For the performance of this work, Plaintiffs and others similarly situated did not have the opportunity to earn tips. These tasks were often performed out of the customers' sight or at times customers were not present.

36. At all times relevant, Defendant required Plaintiffs and other servers to perform all of the tasks described above, regardless of whether these tasks gave them the ability to earn tips.

37. Plaintiffs and other similarly situated employees performed their tasks to the extent required by Defendant.

38. For the aforementioned work, from approximately May 2017 to February 2018, Plaintiff Belt was classified as a tipped employee. In addition to tips, he received bi-weekly payments reflecting an hourly tip-credit wage of two dollars and thirty-five cents ($2.35) per hour.

39. Plaintiff Council was also classified as a tipped employee. From approximately November 2014 to the present, she received bi-weekly payments reflecting an hourly tip-credit wage of two dollars and thirty-five cents ($2.35) per hour, as well as tips.

40. Plaintiff Harris was also classified as a tipped employee. From September 1, 2015 until the present, he received bi-weekly payments reflecting an hourly tip credit rate of two dollars and thirty-five cents ($2.35) per hour, plus tips.

41. For the entirety of his employment, Plaintiff Belt worked at the P.F. Chang's in McLean, Virginia.

42. Plaintiff Council was employed at the P.F. Chang's in Warrington, Pennsylvania. She also worked at the P.F. Chang's in Princeton, New Jersey.

43. For the entirety of his employment, Plaintiff Harris worked at the P.F. Chang's in Pittsburgh, Pennsylvania.

44. Plaintiffs and others similarly situated were routinely scheduled to work between twenty (20) and fifty (50) hours each week. They typically worked anywhere from two (2) to seven

(7) shifts per week.  Each shift lasted approximately six (6) to ten (10) hours. The length of each shift varied based on how busy the restaurant was and the number of staff members scheduled.

45. During each shift, Plaintiffs and others similarly situated spent approximately thirty (30) to fifty (50) percent of their time performing work that did not entail interacting with customers. When performing this work, they did not have the opportunity to earn tips. Common examples of this work included:[2]

- Setting up, filling, breaking down and cleaning the lemonade machine;
- Preparing and affixing labels to various sauces;
- Replenishing the sugar caddies;
- Ensuring that chopsticks were placed on each table;
- Running cookware, garnishes and sauces from the back of the house to the front;
- Sweeping the restaurant floor;
- Bagging and taking out the trash;
- Collecting and organizing dirty dishes;
- Loading and operating the dish washing machine;
- Retrieving dishes from the dishwashing rack and handing them to the cooks;
- Rolling silverware;
- Polishing silverware, dishes and glasses;
- Organizing silverware, dishes and glasses for distribution;
- Dusting, cleaning and polishing tables, booths and chairs;

---

[2] This list is non-exhaustive; Plaintiffs and others similarly situated routinely performed other tasks that did not give them the opportunity to earn tips.

9

46. Plaintiffs and others similarly situated regularly performed these untipped tasks throughout their shifts. During a given shift, they would spend approximately two (2) to four (4) hours performing this untipped work.

47. Much of this untipped work was completed while Plaintiffs and others similarly situated were "clocked in" as tipped employees. Thus, they were only paid their tip-credit rate for their work; they failed to receive the full minimum wage.

48. Defendant used a standard point-of-sale system to record the hours worked by both its tipped and non-tipped employees. Through this system, Defendant could have created different "clock in" codes that would have allowed tipped employees to clock in at the full minimum wage rate when performing non-tipped work, while clocking in at a subminimum, tip-credit wage rate when serving customers.

49. Defendant failed to utilize this system to account for the times when Plaintiffs and others similarly situated performed non-tipped related tasks. At all times that Plaintiffs and others similarly situated were on-the-clock, the tip-credit wage rate was enforced.

50. Despite the nature of their work, Plaintiffs were treated as tipped employees, even when they were assigned to perform tasks that did not give them the opportunity to earn tips.

51. Defendant's unlawful pay practices caused Plaintiffs and others similarly situated to be denied the wages they rightfully earned. They were consistently paid below the minimum wage for the untipped work they performed.

52. There is no *bona fide* dispute that Plaintiffs and other similarly situated employees are owed at least the minimum wage during periods when they spent more than twenty (20) percent of their time performing untipped work.

53. At no time did Plaintiffs' and other similarly situated employees' duties include work that would exempt them from federal and state minimum wage laws.

10

54. Defendant was well aware of the untipped work being performed by Plaintiffs and others similarly situated.

55. Defendant knew that Plaintiffs and other similarly situated employees customarily spent more than twenty (20) percent of their time performing untipped work.

56. In bad faith, Defendant withheld the minimum wages owed to Plaintiffs and others similarly situated.

57. As a direct result of not receiving the required minimum wage for each hour of work, Plaintiffs and other similarly situated employees were also not paid correctly for overtime. During weeks when they worked over forty (40) hours, they were never paid at time and a half the rate that their regular hourly wage should have been.

58. Thus, on behalf of themselves and all those similarly situated, Plaintiffs seek their wages owed and other available relief through this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs and other similarly situated employees work or worked as servers for Defendant. Defendant employs servers across the United States.

60. Upon information and belief, these similarly situated employees were subject to the same unlawful practices described within this Complaint; Defendant paid these similarly situated employees a tip-credit rate when they performed untipped work. This practice was in violation of the FLSA.

61. The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and others similarly situated with at least the minimum wage for each hour of work.

62. Defendant knew, or should have known, that Plaintiffs and those similarly situated were entitled to at least the minimum wage for each hour of work.

63. The FLSA requires that the non-tipped work related to a tipped employee's occupation cannot exceed twenty (20) percent of his or her time worked. If the non-tipped work exceeds twenty (20) percent, the tipped employee must receive the full minimum wage.

64. Defendant knew, or should have known, that Plaintiffs and other similarly situated tipped employees were performing non-tipped work related to their tipped occupation. This work regularly exceeded twenty (20) percent of their time worked. Defendant failed to properly pay the full minimum wage rate for this work. As a direct result, Plaintiffs and other servers also failed to receive proper overtime compensation. During weeks when they worked over forty (40) hours, they were not paid "time and a half" at the rate their regular wage should have been.

65. Pursuant to the FLSA, Plaintiffs commence this collective action on behalf of themselves and those similarly situated for the payment of minimum and overtime wages owed for all hours worked. Plaintiffs make these same demands on behalf of all members of the collective class.

66. Plaintiffs consent to be Party Plaintiffs in this matter; Plaintiffs' consent forms are attached to this Complaint as Exhibits 1 – 3.

67. It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

68. There are numerous similarly situated current and former employees of Defendant that have been harmed by Defendant's common scheme to underpay its employees in violation of the FLSA.

69. These similarly situated persons are known to Defendant and/or are readily identifiable through Defendant's records.

70. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

71. Upon information and belief, others similarly situated will choose to join Plaintiffs in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

## CLASS ACTION ALLEGATIONS UNDER PENNSYLVANIA WAGE LAWS

72. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other employees, current and former, that served as servers for Defendant and were subject to the following practices and policies: denial of minimum and overtime wages under the PMWA for hours worked over forty (40) in a single workweek.

73. Plaintiffs are members of the proposed class they seek to represent.

74. The claims alleged by Plaintiffs are typical of the claims of the proposed class members.

75. The potential members of the class are sufficiently numerous so that joinder of all class members is impractical.

76. There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

77. Counsel for the proposed class is qualified and experienced in litigating class actions and other complex litigation matters; furthermore, counsel is capable of providing adequate representation for all members of the proposed class.

78. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## CLASS ACTION ALLEGATIONS UNDER VIRGINIA WAGE LAWS

79. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other employees, current and former, that served as servers

for Defendant and were subject to the following practices and policies: denial of minimum and overtime wages under the VMWA for hours worked over forty (40) in a single workweek.

80. Plaintiffs are members of the proposed class they seek to represent.

81. The claims alleged by Plaintiffs are typical of the claims of the proposed class members.

82. The potential members of the class are sufficiently numerous enough so that joinder of all class members is impractical.

83. There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

84. Counsel for the proposed class is qualified and experienced in litigating class actions and other complex litigation matters; furthermore, counsel is capable of providing adequate representation for all members of the proposed class.

85. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

*Against Defendant P.F. Chang's China Bistro, Inc.*

### *Count I. Violation of the FLSA: Failure to Pay the Minimum Wage to Plaintiffs and all Members of the Collective Class*

86. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

87. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206, each employer shall pay wages at a rate that is no less than the federal minimum wage, currently amounting to seven dollars and twenty-five cents ($7.25) per hour.

88. Plaintiffs have not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiffs received at least the minimum wage rate for each hour of work.

89. Defendant willfully and intentionally did not compensate Plaintiffs for the total minimum amount of wages they were owed by improperly applying the tip credit provision of the FLSA.

90. There is no *bona fide* dispute that Plaintiffs are not exempt from the minimum wage provisions of the FLSA for the work they performed for Defendant.

91. Under the FLSA, Plaintiffs are entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

### *Count II. Violation of the FLSA: Failure to Pay Overtime Wages to Plaintiffs and all Members of the Collective Class*

92. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

93. Plaintiffs are entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of no less than one and one-half (1.5) times the regular rate at which they are employed.

94. As described above, Plaintiffs have not received from Defendant compensation reflecting the properly calculated overtime wage rate for hours worked in excess of forty (40) in a workweek.

95. Defendant willfully and intentionally failed to compensate Plaintiffs properly for the overtime wages they are owed.

96. There is no *bona fide* dispute that Plaintiffs are owed overtime wages for work performed for Defendant.

97. All members of the putative collective class ("collective") are similarly situated to Plaintiffs and have suffered the same and/or similar harm resulting from the same policies and practices complained of in this Complaint.

98. Under the FLSA, Plaintiffs and all members of the collective are entitled to additional wages from Defendant to properly compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiffs' and each member of the collective's regular hourly wage rate.

### Count III. Violation of PMWA: Failure to Pay Minimum Wages

99. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

100. Pursuant to the Pennsylvania Minimum Wage Act, § 333.104(a), each employer shall pay minimum wages in accordance with the FLSA.

101. Plaintiffs have not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiffs received at least the minimum wage rate for each hour of work.

102. Defendant willfully and intentionally did not compensate Plaintiffs for the total minimum amount of wages they were owed by improperly applying the tip credit provision of the FLSA.

103. There is no *bona fide* dispute that Plaintiffs are not exempt from the minimum wage provisions of the PWMA for the work they performed for Defendant.

104. Under the PMWA, Plaintiffs are entitled to additional wages from Defendant for all hours worked at a rate of pay no less than the federal minimum wage.

### Count IV. Violation of PMWA: Failure to Pay Overtime Wages

105. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

106. Pursuant to the Pennsylvania Minimum Wage Act, § 333.104(c), each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate for each hour over forty (40) that an employee works during one (1) workweek.

107. Plaintiffs have not received compensation from Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a workweek. Defendant unlawfully failed to compensate Plaintiffs for these additional hours.

108. Defendant willfully and intentionally failed to compensate Plaintiffs for the overtime hours they worked.

109. There is no *bona fide* dispute that Plaintiffs are owed overtime wages for the work they performed for Defendant.

110. Under the PMWA, Plaintiffs are entitled to additional wages from Defendant for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count V.  Violation of VMWA: Failure to Pay Minimum Wages*

111. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

112. Pursuant to the Virginia Minimum Wage Act, § 40.1-28.10, each employer shall pay the required minimum and overtime wages in accordance with the FLSA.

113. Plaintiffs have not received compensation from Defendant reflecting the prescribed minimum wage rate for all hours worked for Defendant; rather, Defendant unlawfully failed to ensure that Plaintiffs received at least the minimum wage rate for each hour of work.

114. Plaintiffs have also not received compensation from Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a workweek. Defendant unlawfully failed to compensate Plaintiffs for these additional hours.

115. Defendant willfully and intentionally did not compensate Plaintiffs for the total minimum amount and overtime wages they were owed by improperly applying the tip credit provision of the FLSA.

116. There is no *bona fide* dispute that Plaintiffs are owed minimum and overtime wages for the work they performed for Defendant.

117. Under the VMWA, Plaintiffs are entitled to additional wages from Defendant for all hours worked.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray for the following relief:

a) In accordance with 29 U.S.C. § 216(b), designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

b) In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a Pennsylvania state law class on behalf of Plaintiffs and all members of the proposed class;

c) In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a Virginia state law class on behalf of Plaintiffs and all members of the proposed class;

d) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all those individuals who are similarly situated and permitting Plaintiffs to send notice of this action to all those similarly situated individuals;

e) Designating the named Plaintiffs to act as class representatives on behalf of all similarly situated employees for both the FLSA Collective class and the Pennsylvania and Virginia state law classes;

f) Judgment against Defendant for its failure to pay Plaintiffs, those similarly situated and all those appropriately joined to this matter in accordance with the standards set forth by the FLSA;

g) Judgement against Defendant for its failure to pay Plaintiffs, those similarly situated and all those appropriately joined in accordance with the standards set forth by the PMWA;

h) Judgement against Defendant for its failure to pay Plaintiffs, those similarly situated and all those appropriately joined in accordance with the standards set forth by the VMWA;

i) Judgment against Defendant and classifying its conduct as willful and not in good faith;

j) An award against Defendant for the amount of unpaid minimum wages owed to Plaintiffs, members of the Collective, members of the PMWA class, members of the VMWA class and all those appropriately joined to this matter;

k) An award of liquidated or trebled damages equal to, or double, the total amounts of unpaid wages owed to Plaintiffs, members of the collective, members of the classes and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

l) An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by Defendant;

m) Leave to add additional Plaintiffs to all counts alleged herein by motion, through the filing of written consent forms, or any other method approved by this Honorable Court; and

n) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and others similarly situated.

                                                        Respectfully submitted,

                                                        */s/ Benjamin L. Davis, III*
                                                        Benjamin L. Davis, III (29774)
                                                        bdavis@nicholllaw.com
                                                        George E. Swegman (19444)
                                                        gswegman@nicholllaw.com
                                                        The Law Offices of Peter T. Nicholl
                                                        36 South Charles Street, Suite 1700
                                                        Baltimore, Maryland 21201

Phone No.: (410) 244-7005  
Fax No.: (410) 244-8454

*Attorneys for Plaintiffs*