IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELT, LAURA COUNCIL, GRACE CASTRO AND JAMES HARRIS, individually and on behalf of all others similarly situated and the Putative Classes<br><br>Plaintiffs,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.<br><br>Defendant. | Case No.1:18-cv-3831-AB |

**DEFENDANT'S SUR-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR STEP 1 CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO THE FLSA, 29 U.S.C. § 216(B)**

PAUL DECAMP (*admitted pro hac vice*)
MAXINE ADAMS (*admitted pro hac vice*)
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037
Tel: 202-861-0900
Fax: 202-861-3571
PDeCamp@ebglaw.com
MAdams@ebglaw.com

SHEILA A. WOOLSON
EPSTEIN, BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, NJ 07102
Tel: 973-642-1900
SWoolson@ebglaw.com

*Counsel for Defendant*

**INTRODUCTION**

Plaintiffs' Reply raises the contention that Defendant P.F. Chang's, Inc. ("P.F. Chang's") previously "conceded or otherwise waived" the personal jurisdiction defense. (*See* Pls.' Reply Mem. Supp., ECF 77, at 10-13.) For the reasons discussed below, P.F. Chang's has appropriately raised the personal jurisdiction defense with respect to individuals who have consented to join the action and potential opt-in plaintiffs who did not work within the state of Pennsylvania.[*]

**ARGUMENT**

Contrary to Plaintiffs' assertions, P.F. Chang's disputed whether this Court has jurisdiction with respect to claims of any potential opt-ins or putative class members who did not work in Pennsylvania. (*See* Def.'s Am. Answer, ECF 71, at 43 ¶ 11.) Under the FLSA, purportedly similarly situated individuals do not become "party plaintiff[s] to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (2012). As the Court has not yet conditionally certified the action, even individuals who filed a consent to join the action with the Court are not currently full parties to the litigation. Thus, P.F. Chang's could not have previously raised personal jurisdiction as a defense within its motion for summary judgment, which the Court considered a motion for judgment on the pleadings, for individuals who are not currently parties to the litigation.

Indeed, a court within the Third Circuit recently declined to determine whether personal jurisdiction exists before conditional certification because potential class members do not become

---

[*] P.F. Chang's does not dispute that this Court has jurisdiction over the named Plaintiffs. This includes two Plaintiffs, Steven Belt and Grace Castro, who have not worked within the state of Pennsylvania because P.F. Chang's transferred the case to this jurisdiction while Plaintiff Belt was a named Plaintiff, and because P.F. Chang's did not dispute Plaintiffs' request to amend the complaint to include Plaintiff Castro. However, as described more fully herein, this does not extend to any individuals who consented to join or any potential opt-ins as such individuals, unlike the Plaintiffs, are not yet parties to this action.

parties to the case until conditional certification. *See Chernus v. Logitech, Inc.*, No. 17-673, 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018) ("At this stage of the litigation, no class has been certified, and therefore, to determine whether this Court has specific jurisdiction over Defendant with respect to the claims of the unnamed class members prior to class certification would put the proverbial cart before the horse."). As the potential opt-ins and individuals who filed consents to join the action still are not full parties to the case, P.F. Chang's appropriately raised the personal jurisdiction defense in its opposition to Plaintiffs' conditional certification motion.

In the alternative, even assuming arguendo that P.F. Chang's waived the personal jurisdiction argument as to any individuals who consented to join this lawsuit prior to Plaintiffs' motion for conditional certification, P.F. Chang's has not waived the argument as to individuals who filed consent forms after Plaintiffs filed their motion for conditional certification on November 21, 2019. (*See* Pls.' Mem. Supp., ECF 73.) As noted above, individuals do not become party to an FLSA collective action until both filing a consent to join with the Court and the Court certifies the collective action. It would have been premature for P.F. Chang's to make arguments regarding personal jurisdiction before any attempt to conditionally certify a collective action or before individuals sought to join the case. *See See Chernus*, 2018 WL 1981481, at *8. Plaintiffs provide no basis for arguing waiver with respect to these unknown potential opt-ins.

## CONCLUSION

For all the reasons set forth above, and the reasons set forth in Defendant's memorandum in opposition to Plaintiffs' motion for conditional certification, Plaintiff's motion should be denied in its entirety or, in the alternative, conditional certification should be limited to include only servers who worked at P.F. Chang's restaurants in Pennsylvania.

        Respectfully submitted,

        <u>Paul DeCamp</u>

        PAUL DECAMP (*admitted pro hac vice*)
        MAXINE ADAMS (*admitted pro hac vice*)
        EPSTEIN, BECKER & GREEN, P.C.
        1227 25th Street, N.W., Suite 700
        Washington, D.C.  20037
        Tel:  202-861-0900
        Fax: 202-861-3571
        PDeCamp@ebglaw.com
        MAdams@ebglaw.com

        SHEILA A. WOOLSON
        EPSTEIN, BECKER & GREEN, P.C.
        One Gateway Ctr., 13th Floor
        Newark, NJ 07102
        Tel: 973-642-1900
        SWoolson@ebglaw.com

        *Counsel for Defendant*

January 8, 2020