### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELT, ET AL.,<br><br>        Plaintiffs,<br><br>    v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br><br>        Defendant. | Case No. 2:18-cv-03831-AB |

### DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S
### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant P.F. Chang's China Bistro, Inc. ("P.F. Chang's") respectfully submits this Notice of Supplemental Authority notifying the Court of the recent decisions in *Cruson v. Jackson National Life Insurance Co.*, 954 F.3d 240 (5th Cir. 2020), and *Molock v. Whole Foods Market Group., Inc.*, 952 F.3d 293 (D.C. Cir. 2020), which bear on the argument Plaintiffs present in their Reply in Support of their Motion to Certify a Class Conditionally (ECF 77) that P.F. Chang's waived its personal jurisdiction defense by not presenting it earlier in the litigation.

The Fifth Circuit in *Cruson* determined that the district court erred in concluding that the defendant had waived its personal jurisdiction defense by failing to raise the argument in the defendant's motion to dismiss. 954 F.3d at 249-52. The *Cruson* decision further stated "[p]rior to class certification, we have already explained, a personal jurisdiction defense as to putative non-resident class members was not 'available' under Rule 12." *Id*. at 251.

Similarly, the D.C. Circuit in *Molock* determined that the defendant's motion to dismiss for lack of personal jurisdiction relying on the *Bristol-Myers* decision failed because the defendant raised the issue prematurely, as putative class members are treated as nonparties. 952 F.3d at 296-99. The court thus affirmed the lower court's decision to deny the motion to dismiss but on an

alternate basis, that "[a]bsent class certification, putative class members are not parties before a court, rendering defendant's motion premature." *Id.* at 295.

P.F. Chang's respectfully requests that the Court consider this supplemental authority, which was not available prior to the close of briefing on Plaintiffs' Motion to Certify a Class Conditionally.

        Respectfully submitted,

        /s/ Paul DeCamp

        PAUL DECAMP (admitted *pro hac vice*)
        MAXINE ADAMS (admitted *pro hac vice*)
        EPSTEIN, BECKER & GREEN, P.C.
        1227 25th Street, N.W., Suite 700
        Washington, D.C. 20037
        Tel: 202-861-0900
        Fax: 202-861-3571
        PDeCamp@ebglaw.com
        MAdams@ebglaw.com

        SHEILA A. WOOLSON
        EPSTEIN, BECKER & GREEN, P.C.
        Two Gateway Center, 12th Floor
        Newark, NJ 07102
        Tel: 973-642-1900
        SWoolson@ebglaw.com

        *Counsel for Defendant*

May __, 2020