## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

**STEVEN BELT, LAURA COUNCIL,**
**GRACE CASTRO, and JAMES HARRIS,**
**individually and on behalf of all others**
**similarly situated and the Putative Classes**

Plaintiffs,

v.

**P.F. CHANG'S CHINA BISTRO, INC.**

Defendant.

Civil Action No.: 18-3831-AB

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S SUPPLEMENTAL**
**AUTHORITY**

Plaintiffs submit this brief response to Defendant's submission of *Cruson v. Jackson National Life Insurance Co.*, 954 F.3d 240 (5th Cir 2020), and *Molock v. Whole Foods Market Group, Inc.*, 952 F.3d 293 (D.C. Cir. 2020), in its Notice of Supplemental Authority. (ECF No. 82.) *Cruson and Molock* are not binding and are factually distinguishable in ways material to this Court's forthcoming decision on Plaintiffs' motion for conditional certification.

Both *Cruson* and *Molock* concerned whether, in an uncertified Rule 23 class action, putative class members' claims may be subject to attack for lack of personal jurisdiction. The plaintiffs in *Cruson* argued that the defendant waived personal jurisdiction defenses as to some class members because it failed to raise them in an earlier Rule 12 motion. 954 F.3d at 249. The Fifth Circuit concluded that because the defense was not "available" when the defendant filed its Rule 12 motion, the defense was not waived. *Id.* at 250. Fundamental to that conclusion was the fact that the putative class members were "not yet before the court" because no class had been certified. *Id.* Similarly, the D.C. Circuit in *Molock* held that because putative class members in uncertified Rule 23 class actions are not parties before a court, the defendant's motion to dismiss

1

those putative class members for lack of personal jurisdiction was premature.  952 F.3d at 296–97.  *Molock* made clear that under Rule 23, "putative class members are added to the action …when the action is certified…."  *Id.* at 298.

Cruson and *Molock* are inapposite here because there is an important difference between Rule 23 class actions (*e.g.*, *Cruson* and *Molock*) and FLSA collective actions.  Putative Rule 23 class members are "not yet before the court" prior to certification, and are only "added to the action" when it is certified.  In contrast, opt-in Plaintiffs under the FLSA are parties before the court once they file their written consent to join the case with the court.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016) (recognizing that "every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not."); *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (determining that "those who opt-in [to a collective action under 29 U.S.C. § 216(b)] become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.")

In opposition to Plaintiffs' motion for conditional certification, Defendant argues that this Court lacks personal jurisdiction over Defendant for the claims of the opt-in Plaintiffs and putative opt-in plaintiffs who did not work for it in the forum state.  But, at the time Defendant filed its Rule 12 motion, there were at least two opt-in Plaintiffs who filed their consent to join with the Court (and so were "before the court") and who did not work for Defendant in the forum state. (*See* Pls.' Reply Support Conditional Cert., ECF No. 77 at p. 12.)  Defendant failed to raise its

personal jurisdiction defenses "available to it" at that time, and accordingly, those arguments must be deemed waived under Fed. R. Civ. P. 12(h).[1] (*See id.* at 10-13.)

Even more, *Molock* and *Cruson* do nothing to change the fact that an opt-in plaintiff's "party plaintiff" status under the FLSA does not mean personal jurisdiction over a defendant is required as to each opt-in plaintiff's claims.[2] (*See* Pls.' Reply Support Conditional Cert., ECF No. 77 at 13-16.)

As fully explained in Plaintiffs' Reply, Defendant's personal jurisdiction arguments aimed to defeat nationwide conditional certification should be rejected, and its supplemental authority does not change such conclusion.  (*See id.* at pp. 10-21.)

Dated:  May 15, 2020
                                     **NICHOLS KASTER, PLLP**

s/ Reena I. Desai
Reena I. Desai, MN Bar # 0388311*
Jay E. Eidsness, MN Bar # 0395347*
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone (612) 256-3244
Email: rdesai@nka.com
*Admitted pro hac vice*

---

[1] Further, assuming *arguendo* that Defendant has not waived its personal jurisdiction defense (which it has) and personal jurisdiction must be satisfied as to each opt-in plaintiff's claims (which it does not), Defendant's reliance on *Molock* and *Cruson* in fact contradicts its position that its personal jurisdiction defense is appropriately decided at conditional certification.  If extended to FLSA collective actions, *Molock* and *Cruson* would support the conclusion that Defendant's personal jurisdiction arguments should be decided *after* conditional certification is granted *and after* the notice period has expired, at which time Defendant's personal jurisdiction defense is "available" to it with respect to opt-in plaintiffs who joined during the notice period.

[2] Only the named plaintiff (not opt-in plaintiffs) in an FLSA collective action, for example, are required to effectuate service of process upon a defendant as a prerequisite to the exercise of personal jurisdiction.  *See Hammond v. Floor and Décor Outlets of Am., Inc*., 2020 WL 2473717, at *14 (M.D. Tenn. May 13, 2020) (recognizing that in an FLSA collective action, there has never been a requirement that each individual opt-in plaintiff achieve individual service of process upon the defendant, and holding that the only requirement for personal jurisdiction is that the defendant is subject to personal jurisdiction in the forum to the named plaintiff's claims).

**LAW OFFICES OF PETER T. NICHOLL**

Benjamin L. Davis, III
Charles Center South
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Telephone: (410) 244-7005
Facsimile: (410) 244-8454
Email: bdavis@nichollaw.com

**SCHALL & BARASCH**

Patricia A. Barasch
110 Marter Ave #302
Moorestown, NJ 08057
Telephone: (856) 914-9200
Email: pbarasch@schallandbarasch.com


ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE COLLECTIVE AND
CLASS ACTIONS

**CERTIFICATE OF SERVICE**

I hereby confirm that a true and correct copy of the above was filed electronically on May 15, 2020 pursuant to the service requirements of the ECF/CM for the Eastern District of Pennsylvania, which will notify all counsel of record.

s/ Reena I. Desai
Reena I. Desai