IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELT, et al.,<br><br>   Plaintiff,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br><br>   Defendant. | Civil Action No. 2:18-cv-03831-AB |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
UNOPPOSED MOTION FOR LEAVE TO FILE JOINT MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND RELATED PAPERS
PARTIALLY UNDER SEAL AND WITH MONETARY AMOUNTS REDACTED**

  Defendant P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's") respectfully moves this Court for an order permitting the Defendant to file a joint motion for preliminary approval of the confidential settlement of this matter, along with all related papers, with the settlement fund amounts redacted, while providing the Court with the unredacted version under seal. Plaintiffs do not oppose this Motion.

**I.  BACKGROUND**

  Plaintiffs filed their original Complaint on July 11, 2018 in the U.S. District Court for the District of Maryland.[1] After filing their initial complaint and transferring the case to the Eastern District of Pennsylvania, Plaintiffs filed the operative pleading, the First Amended Complaint, on November 4, 2019. (ECF No. 69.) Plaintiffs assert claims under the Fair Labor Standards Act, 29

---

[1] The original Named Plaintiffs included Steven Belt, Laura Council, and James Harris. When Plaintiffs filed their First Amended Complaint, Plaintiffs added Grace Castro as an additional Named Plaintiff. Ms. Council and Mr. Harris were voluntarily dismissed from the case with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), by stipulation of the parties. (ECF No. 143 & ECF No. 199.)

U.S.C. § 201 et seq. (the "FLSA"), and Pennsylvania and Maryland state law. (*Id.* ¶¶ 92-132.) Plaintiffs allege P.F. Chang's violated these laws by requiring them, and other P.F. Chang's servers, to perform tasks unrelated to their tipped occupation and requiring Plaintiffs to spend more than 20% of the workweek on untipped-related work while paying a reduced tipped credit rate. (*Id.*)

On January 15, 2019, P.F. Chang's moved for summary judgment (or, in the alternative, judgement on the pleadings), challenging the enforceability of the department of Labor's 80-20 Rule. (ECF No. 37.) The Court denied P.F. Chang's' motion on August 15, 2019, ruling that the employer is no longer permitted to take the tip credit for any hours spent on untipped work where the employee becomes a dual jobs employee. (ECF No. 57.) P.F. Chang's moved to certify the Court's order for interlocutory review, which the Court denied on November 8, 2019. (ECF No. 70.)

On July 8, 2020, the Court granted Plaintiffs' motion to conditionally certify the proposed collective action for servers in 30 states, which included 150 restaurant locations. (ECF No. 87.) Thereafter, notices went out to the putative collective at the height of the pandemic, and approximately 6,210 individuals opted-in. To date, 36 opt-in plaintiffs have withdrawn.

Plaintiffs and Defendant (collectively, the "Parties") subsequently engaged in extensive merits discovery, which included written discovery issued to 1,228 opt-in plaintiffs, Defendant's production of extensive time, payroll, and point of sale data for the opt-in plaintiffs, and depositions of management employees. The Parties also engaged in extensive discovery motion practice and agreed to a schedule (thereafter ordered by the Court) whereby P.F. Chang's and Plaintiffs were permitted to take over 125 depositions of opt-n plaintiffs and supervisors. (ECF Nos. 117, 120, 138, 139, 146, 152, 166, 178, & 185.)

On the cusp of the depositions commencing, the Parties agreed to explore the possibility of a negotiated resolution of this matter through mediation. (ECF No. 189.) On December 13, 2023, the Parties engaged in a full-day mediation before Hon. Diane M. Welsh, a former Magistrate Judge for the United States District Court for the Eastern District of Pennsylvania.[2] (ECF No. 189.) Following the mediation, the Parties continued to negotiate the terms of the proposed settlement with the continued help of Judge Welsh and by March 6, 2014, the Parties reached an agreement as to all material terms of the settlement.

During the settlement negotiations, the Parties agreed to the confidentiality of the monetary amounts of the settlement agreement, subject to approval by the Court. As a result, the Parties agreed that Defendant would seek the Court's permission to file the joint motion for preliminary approval of the settlement, and all supporting documents (including the settlement agreement), with the monetary amounts redacted, and that Plaintiffs would not oppose such motion.

**II.     THE COURT SHOULD SEAL PORTIONS OF THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMNT AND SUPPORTING DOCUMENTS THAT CONTAIN CONFIDENTIAL SETTLEMENT FUND AMOUNTS**

   **A.     Legal Standard for Partially Sealing FLSA Settlement Agreements and Supporting Documents**

It is well-established that the public's right of access is not absolute, notwithstanding the Third Circuit's recognition of a common-law presumption of public access to judicial records. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The district court possesses the discretionary power to control and seal portions of judicial records. *See Century Indem. Co. v. Certain*

---

[2] The Court previously set the following case management deadlines: non-expert discovery cutoff (December 29, 2023), Plaintiffs' expert reports (February 2, 2024), Defendant's expert reports (March 1, 2024), depositions of experts (April 1, 2024), and dispositive motions and class certification motion (June 3, 2024). (ECF 185.) Those deadlines were stayed on September 13, 2023 as the parties proceeded to a private mediation. (ECF 190.)

*Underwriters at Lloyd's, London,* 592 F. Supp. 2d 825, 827 (E.D. Pa. 2009) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 783 (3d Cir. 1994)).  In exercising its discretion, the court must "engage in [a] balancing process" to determine when sealing information in a judicial record is appropriate.  *In re Cendant Corp.*, 260 F.3d at 198.

At all stages of litigation, including settlement, the court must find that there is "good cause" to justify an order of confidentiality and the sealing of portions of a record.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.  1994).  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity."  *Publicker Indus., Inc.  v.  Cohen*, 733 F.2d 1059, 1071 (3d Cir.  1984); *Brand Design Co., Inc. v. Rite Aid Corp.,* No. CV 22-1174, 2024 WL 643141, at *6 (E.D. Pa. Feb. 14, 2024) (disclosure of non-public financial information was a sufficiently defined and serious injury to a business that supported sealing portions of records containing this information.)  Furthermore, it is well established in the Third Circuit that there is "strong public interest in encouraging settlement of private litigation" and the parties' agreement to a "particularized need for confidentiality" is a factor that weighs in favor of denying public access to a judicial record.  *See Bank of Am.  Nat'l Trust & Sav.  Ass'n v.  Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir.  1986); *Pansy*, 23 F.3d at 788.  In addition, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

Although the Third Circuit has not expressly addressed the filing of FLSA settlements under seal, recent decisions by this Court have permitted private parties to file the FLSA settlement agreement and accompanying paperwork with the settlement amounts redacted, while also submitting the unredacted version to the Court.  *See Fiumano v. Metro Diner Mgmt. LLC*, No. CV

4

17-465 (E.D. Pa. Oct. 10, 2023) (Brody, J.), ECF Nos. 263 & 269 (granting defendants' permission to file motion to approve confidential FLSA collective action settlement resolving tip credit and tip pool claims under seal and with monetary amounts redacted, while instructing defendant to submit the unredacted version to the Court; "I permitted the parties to file their request for approval of the settlement with certain redactions and under seal to preserve confidentiality as to the amount of the fund."); *Locke v. Q Grp. Builders*, No. 20-2127 (E.D. Pa. Mar. 4, 2021) (McHugh, J.), ECF 12 (sealing documents filed in connection with a motion to enforce a FLSA settlement, "to maintain the confidentiality of the settlement amount."); *Lovett v. Connect America.com, No.* CV 14-2596, 2015 WL 5334261, at *2-6 (E.D. Pa. Sept. 14, 2015) (Hey, J.) (permitting parties to file FLSA settlement agreement and accompanying paperwork with the settlement amounts redacted, finding that "the redacted settlement agreement will be a public record in the court" and that "the agreement does not frustrate implementation of the FLSA."); *Jack v. Arrow Auto Glass Operating Co., LLC*, Case No. 3:13-cv-02513-ARC (M.D. Pa. Oct. 2, 2014) (Caputo, J.), ECF No. 25 (approving FLSA settlement based upon counsel's recitation of the settlement terms during a telephonic conference); *Myers v. Dolgencorp, LLC*, Case No. 4:09-cv-02305 (Vanaskie, J.) (M.D. Pa. June 16, 2010), ECF No. 19 (same); *Evans v. Lowe's Home Center, Inc.*, Case No. 3:03-cv-00438 (Doc. 338) (M.D. Pa. March 6, 2007) (Caputo, J.), ECF No. 338 (permitting parties to file FLSA settlement agreement and related documents under seal).

District Courts throughout the country similarly permit private parties to file confidential settlement agreements resolving FLSA claims under seal and routinely approve requests to redact

the confidential monetary amounts of the settlement from the accompanying settlement paperwork.[3]

### B. Balance of Interests Favor Permitting the Redaction of Confidential Settlement Fund Amounts.

The interests of the Parties and the public, on balance, weigh in favor of permitting the limited redaction of the monetary settlement amounts from the joint motion for preliminary approval of the settlement and accompanying paperwork. First, the settlement fund amounts here only affect the opt-in plaintiffs who affirmatively chose to join the lawsuit by submitting a consent to join; no Rule 23 class has been certified that would affect the rights of any other putative class members. As such, the public has little need, if any, to know the monetary terms of this private settlement between the Parties.

Second, after engaging in a long, hard-fought six-year battle, the Parties worked diligently to reach mutually agreeable settlement terms and premised the settlement on the inclusion of a limited confidentiality provision to preserve the confidentiality of the settlement fund amounts. *See Leap Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-23 (3d Cir. 2011) (private parties' reliance on confidentiality in settling disputes and clear intent to maintain confidentiality in their

---

[3] *See e.g. Higgins v. Verizon North LLC*, Case No. 4:11-cv-1393 (E.D. Mo. Jan. 10, 2013), ECF Nos. 70 & 71 (granting joint motion for leave to file under seal the parties' memorandum in support of preliminary approval of proposed settlement and accompanying settlement agreement); *Fast v. Applebee's Int'l*, Case No. 2:06-cv-4146 (W.D. Mo. Nov. 1, 2012), ECF No. 383 (granting request to seal settlement agreement and all related filings and emphasizing that class counsel could file unsealed copies of the agreement only upon redacting the total amount of the settlement fund and individual award amounts to class members); *In re Family Dollar FLSA Litig.*, No. 3:08-MD-1932 (W.D.N.C. Mar. 14, 2012), ECF No. 22 (granting joint motion for *in camera* review of and approval of confidential FLSA settlement); *Badgett v. Dollar Tree Stores*, Case No. 0:10-cv-61617 (S.D. Fla. Sept. 26, 2011), ECF No. 123 (permitting parties to file redacted copy of FLSA settlement agreement and to send unredacted copy to chambers for *in camera* review); *Gonzalez v. ABM Janitorial Services-Southeast, LLC*, Case No. 08-22919-cv-Moreno (S.D. Fla. Feb. 19, 2009), ECF No. 17 (granting leave to file FLSA settlement agreement under seal); *Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (granting leave to file settlement documents under seal).

settlement agreement outweighs the public's interest in disclosure). In FLSA collective actions, a payment of any amount by an employer can be perceived by some individuals as an admission of fault, even where, as in this case, no determination of fault has been made. Keeping the sensitive monetary amounts of a settlement out of the public record encourages settlement without exposing the parties to undue speculation as to the merits of the case and the motivation for settlement. Because the monetary amounts of the settlement here provide no insight into the ultimate merits of this case and all the opt-in plaintiffs will have access to the facts and terms of the settlement absent the amounts, there is simply no legitimate public interest in disclosing the monetary amounts of the settlement funds. *See Lovett*, 2015 WL 5334261 (E.D. Pa. July 28, 2015) (Hey, J.), ECF No. 91 ("[A]llowing redaction of the settlement amounts does not thwart Congress's intent to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."). Given the foregoing, Defendant has an overriding interest that overcomes the right of the public to access the sensitive monetary amounts of the settlement contained in the settlement paperwork. Therefore, Defendant should be permitted to file the joint motion for preliminary approval of the settlement and supporting documents with the settlement amounts redacted.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court permit the Parties to file the joint motion for preliminary approval of the settlement, and all supporting documents, with monetary amounts redacted, while providing the Court with the unredacted version under seal. Plaintiffs do not object to this Motion.

May 9, 2024                                   Respectfully submitted,

                                                EPSTEIN BECKER & GREEN, P.C.

By:    *s/ Kathleen Barrett*
Kathleen A. Barrett
227 West Monroe Street, Suite 3250
Chicago, Illinois 60606
Telephone: (312) 499-1400
Email: kbarrett@ebglaw.com

Paul DeCamp
1227 25th Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 861-1819
Fax: (202) 861-3571
Email: pdecamp@ebglaw.com

Jill K. Bigler
375 North Front Street, Suite 325
Columbus, Ohio 43215
Email: jbigler@ebglaw.com

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

Michael W. McTigue Jr.
Meredith C. Slawe
Colm P. McInerney (*pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email:   michael.mctigue@skadden.com
          meredith.slaw@skadden.com
          colm.mcinerney@skadden.com