# EXHIBIT 1

# SETTLEMENT AGREEMENT

### Belt v. P.F. Chang's China Bistro, Inc. – Case No. 2:18-cv-03831-AB

This Settlement Agreement is made by and between Plaintiffs Steven Belt ("Belt") and Grace Castro ("Castro") (together, "Named Plaintiffs"), individually and on behalf of all others similarly situated ("Plaintiffs"), and defendant P.F. Chang's China Bistro, Inc. ("Defendant"). Plaintiffs and Defendant collectively are referred to in this Agreement as the "Parties."

WHEREAS, Plaintiffs filed the case captioned Belt v. P.F. Chang's China Bistro, Inc. – Case No. 2:18-cv-03831-AB, which is pending before the United States District Court for the Eastern District of Pennsylvania (the "Action") asserting claims for minimum wage and overtime pay. Defendant filed an Answer denying the Plaintiffs' claims and asserting affirmative defenses.

WHEREAS, the Parties have engaged in extensive settlement discussions, including a full day mediation on December 13, 2023, to discuss a resolution of the Action.

WHEREAS, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge the disputes and claims that have been alleged in the Action or that arise out of the facts or circumstances alleged in the Action.

THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval as follows:

## I.      DEFINITIONS

Unless otherwise defined herein, the following terms used in this Agreement shall have the meanings ascribed to them as set forth below:

**A.**      "Action" means the civil action titled Belt v. P.F. Chang's China Bistro, Inc. – Case No. 2:18-cv-03831-AB, pending before the United States District Court for the Eastern District of Pennsylvania.

**B.**      "Agreement" or "Settlement Agreement" means this Settlement Agreement.

**C.**      "Court" means the United States District Court for the Eastern District of Pennsylvania.

**D.**      "Total Settlement Amount" means the total amount of ██████████ ████████████████, which Defendant will pay to settle the claims of the Named Plaintiffs and the FLSA Collective. This amount will include all Plaintiff payments, enhancements, attorneys' fees and costs, third-party settlement administration costs, but will not include employer side taxes.

**E.**      "FLSA Opt-In Plaintiffs" means all Named and "opt-in" Plaintiffs who have filed and not withdrawn their consent to join forms in Belt v. P.F. Chang's China Bistro,

*Inc.*, Case No. 2:18-cv-03831-AB, as of the date of the execution of this Terms Sheet.

1.  "Settling Plaintiffs" are those FLSA Opt-in Plaintiffs who accept their settlement shares by signing a release agreement;

2.  "Rejecters" are those FLSA Opt-in Plaintiffs who respond by rejecting their settlement shares;

3.  "Non-Responders" are those FLSA Opt-in Plaintiffs who do not respond to the settlement notice.

**F.**   "Settlement Notice" means the Notice of Proposed Collective Action Settlement, a copy of which is attached as **Exhibit A** to this Agreement and incorporated by reference into this Agreement.

**G.**   "Plaintiffs' Counsel Fees and Expenses Payment" means the amount awarded to Plaintiffs' Counsel by the Court to compensate them for the services they have rendered and will render to Plaintiffs and the FLSA Collective in the Action, and any expenses they have incurred, and will incur, in connection with the Action.

**H.**   "Named Plaintiffs" means Plaintiffs Steven Belt and Grace Castro.

**I.**   "Named Plaintiff Service Payments" means the special payment made to the Named Plaintiffs to compensate them for initiating and pursuing the Action on behalf of themselves and the FLSA Collective.

**J.**   "Preliminary Settlement Approval" means the Court granting preliminary approval of the Settlement without material change, or with material changes to the Settlement to which the Parties all agree.

**K.**   "Final Settlement Approval Date" is the date the Court dismisses the case or enters a final judgment pursuant to an order granting final settlement approval of the Settlement without material change, or with material changes to the Settlement to which the Parties all agree. An award by the Court of lesser amounts than sought for the Named Plaintiff Service Payments or Plaintiffs' Counsel Fees and Expenses Payment will not be considered a material change to the Settlement Agreement.

**L.**   "Funding Date" means the later of the date thirty-one (31) days after the Final Settlement Approval Date or the date when the last of any appeals from the order granting final approval of the settlement concludes.

**M.**   "Settlement Administrator" means Simpluris, the administrator proposed by the Parties and approved by the Court to distribute notice to the FLSA Collective, administer payments to the Participating FLSA Collective Members, and perform other related tasks, as described herein.

N.   "Settlement Share" means the portion of the Total Settlement Amount allocable to each FLSA Opt-in Plaintiff as provided by this Agreement.

## II.   SETTLEMENT TERMS AND CONDITIONS

A.   **Settlement Timeline.**  The Parties negotiated a settlement and reached agreement on core terms during a mediation on December 13, 2023. The Parties finalized a Memorandum of Understanding memorializing their agreement, which was fully executed by the Parties' counsel on March 6, 2024. The timeline for approval and implementation of this Settlement Agreement is set forth below:

1.   **Preliminary Approval.** On or before May 9, 2024, Counsel for Defendant shall file Defendant's Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers with Monetary Amounts Redacted.  Plaintiffs will not oppose this motion. Defendant will file a motion for leave to file monetary amounts under seal. On or before May 16, 2024, the parties shall file a Motion for Preliminary Approval. The Parties anticipate requesting final certification of the FLSA collective for settlement purposes as part of the Motion for Preliminary Approval.

2.   **Distribution of Settlement Notice.** Within 14 days of the Court granting Preliminary Approval, the Settlement Administrator will distribute the Settlement Notice. FLSA Opt-in Plaintiffs will have 60 days from the date Settlement Notice is mailed to accept or reject the settlement, as set forth below. For any FLSA Opt-in Plaintiffs who do not respond within the Initial Notice Period, the Parties will work together to conduct additional outreach efforts over the next thirty (30) days to attempt to obtain a response (the "Extended Notice Period").

3.   **Final Settlement Approval.** Within 7 days of the Extended Notice Deadline, the parties shall file a Motion for Final Settlement Approval.

4.   **Funding the Qualified Settlement Fund.** Defendant will wire the Total Settlement Amount to the Settlement Administrator, as well as any employer side federal or state payroll taxes for the settlement awards as calculated by the Settlement Administrator, not later than the Funding Date.

5.   **Distribution of Payments.** Within 7 days of receiving the Total Settlement Amount, the Settlement Administrator will distribute Settlement Shares to all Settling Plaintiffs. Settling Plaintiffs will have 120 days from the date the settlement check is mailed by the Settlement Administrator to negotiate their settlement payments, after which time any residual amount of settlement funds, such as for uncashed checks, will be donated to a legal aid organization(s) of Plaintiffs' Counsel's choice subject to approval by Defendant's Counsel and the Court.

B.    **Total Settlement Amount.** The Total Settlement Amount will cover: (a) all settlement payments to Settling Plaintiffs; (b) Named Plaintiff Service Payments; (c) Plaintiffs' Counsel Fees and Expenses Payment; and (d) costs of administration.

C.    **Settlement Shares.** The estimated individual Settlement Shares will be determined by Plaintiffs' Counsel, subject to the Court's approval, and will be based upon Plaintiffs' Counsel's damages analysis. The allocation will include a contingency fund to allow for discrepancies or other errors and omissions. Unused portions of the contingency fund will either be reallocated to the Settlement Plaintiffs, if practicable, or donated to *Cy Pres,* as approved by the Court. The Settlement Notice will advise FLSA Opt-in Plaintiffs of their estimated Settlement Shares and provide an opportunity to reject their settlement allocation and preserve their claims. The minimum Settlement Share paid to any FLSA Opt-in Plaintiff will be ▉▉▉▉▉▉▉ ▉▉▉▉▉).

D.    **Payments to Named Plaintiffs and Plaintiffs' Counsel.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Total Settlement Amount as follows:

1.    **To Named Plaintiffs:** In addition to the Named Plaintiffs' Settlement Shares, Plaintiffs will apply to the Court for approval of the Named Plaintiff Service Payments of not more than ▉▉▉▉▉ each to Named Plaintiffs Belt and Castro in consideration of initiating and pursuing the Action, undertaking the risk of unsuccessful prosecution of the Action. Defendant will not oppose a Named Plaintiff Service Payments of ▉▉▉▉ to the Named Plaintiffs. The Settlement Administrator will pay the Named Plaintiff Service Payments approved by the Court out of the Total Settlement Amount. If the Court reduces the amount, the remainder will be reallocated *pro rata* to the Settling Plaintiffs.

2.    **To Plaintiffs' Counsel:** Plaintiffs' Counsel will apply to the Court for an award of not more than ▉▉▉▉▉▉ for attorneys' fees (33% of the Total Settlement Amount) and not more than ▉▉▉▉▉ for costs, including administration costs, as their Plaintiffs' Counsel Fees and Expenses Payment. The Parties expressly agree that the Court's approval or denial of any requests for attorneys' fees and out-of-pocket litigation costs are not material conditions to this Agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement. Any order or proceeding relating to the application by Plaintiffs' Counsel of an award for fees and costs shall not operate to terminate or cancel this agreement. If Plaintiffs' Counsel appeal any denial or reduction of fees or costs, the un-awarded fees/costs that are subject to the appeal will be held by the Settlement Administrator in an interest bearing account until such time as the appeal is resolved, and the unchallenged remainder of the settlement (including all fees-costs actually awarded) will be distributed based upon the Court's approval. To the extent the Court awards (and, if an appeal is filed, an appeal affirms) less than the

4

amount of attorneys' fees and costs requested by Plaintiffs' Counsel, the remaining amount will be redistributed among Settling Plaintiffs on a *pro rata* basis.

E.   **Tax Treatment.**  The Settlement Shares of Settling Plaintiffs shall be reported to taxing authorities as follows:

1.   Fifty percent of each Settlement Share (the "Wage Portion") is intended to settle each Settling Plaintiff's claims for unpaid wages.  Accordingly, the Wage Portion will be reduced by applicable employee-side payroll tax withholding and deductions, and the Settlement Administrator will issue to the Settling Plaintiff a Form W-2 with respect to the Wage Portion.  The employer's share of legally required payroll taxes for the Wage Portion will not be paid out of the Total Settlement Amount. The employer's share of federal and state payroll taxes shall be determined by the Settlement Administrator and reported to Defendant.  Defendant will wire the requisite federal and state payroll taxes to the Settlement Administrator by the Funding Date and the Settlement Administrator will pay the requisite federal and state payroll taxes to the requisite taxing authorities.  The Settlement Administrator will provide confirmation of the payment of the federal and state payroll taxes to Defendant.

2.   Fifty percent of each Settlement Share (the "Non-Wage Portion") is intended to settle each Settling Plaintiff's claims for all interest, liquidated damages, and penalties.  Accordingly, the Non-Wage Portion will not be reduced by payroll tax withholding and deductions; and the Settlement Administrator will issue to the Settling Plaintiff a Form 1099 with respect to the Non-Wage Portion.

3.   Tax deductions and withholdings will not be taken from the Named Plaintiff Service Payment, and the Settlement Administrator will issue to Plaintiffs a Form 1099 with respect to the Named Plaintiff Service Payments.

4.   The Settlement Administrator will issue to Plaintiffs' Counsel a Form 1099 with respect to the awarded attorneys' fees and costs.

F.   **Appointment and Duties of Settlement Administrator.**  The Parties will ask the Court to appoint Simpluris to act as Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.

1.   The Settlement Administrator's duties will include all tasks related to settlement administration, such as, preparing, printing, mailing the Settlement Notices to the FLSA Opt-in Plaintiffs and distributing notice by email and text message; conducting a National Change of Address search and using Accurint or similar service, and other reasonable and cost-effective skip trace methods to locate any Opt-in Plaintiff whose Settlement

Notice was returned by the U.S. Postal Service as non-deliverable, and re-mailing the Settlement Notice to the FLSA Opt-in Plaintiff's new address; emailing FLSA Opt-in Plaintiffs about the Settlement; receiving and processing any Exclusion Letters; receiving and processing (including electronically) settlement release agreements; providing the Parties with status reports about the delivery of Settlement Notices and receipt of release forms; issuing the checks to effectuate the payments due under the Agreement; tracking the cashing of settlement checks; sending reminder postcards to Settling Plaintiffs with uncashed checks; preparing Form W-2s and 1099s and completing required reports to tax authorities; transferring any unclaimed Settlement Shares to the *cy pres*, and otherwise administering the Settlement pursuant to this Agreement.

2.      The Settlement Administrator's fees and expenses will be entirely paid from the Total Settlement Amount.

3.      The Settlement Administrator shall provide regular reports to counsel for the Parties regarding the claims administration process, including but not limited to the status of the settlement notices, settlement checks, and an accounting of the proceeds disbursed and the withholding and payment of any applicable payroll taxes from that portion of each settlement check allocated to wages.  The Settlement Administrator shall also provide a declaration listing every individual who cashed their settlement check, the amounts, and a copy of all negotiated checks, including the front and back of the checks. The Settlement Administrator must also provide a list of Settling Plaintiffs who have not cashed their checks 30, 60, and 90 days after it mails the settlement checks to Settling Plaintiffs. The Parties will have equal access to the Settlement Administrator and all information related to the administration of the settlement.

**G.      Procedure for Approving and Implementing the Settlement.**

1.      **Motion for Preliminary Settlement Approval.**

a.      On or before May 9, 2024, Counsel for Defendant shall file Defendant's Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers with Monetary Amounts Redacted.  Plaintiffs will not oppose this motion. Defendant will file a motion for leave to file monetary amounts under seal. On or before May 16, 2024, the parties shall file a Motion for Preliminary Approval. The Parties anticipate requesting final certification of the FLSA collective for settlement purposes as part of the Motion for Preliminary Approval.

b.      Should the Court decline to approve all material aspects of the Settlement, or order material changes to the Settlement to which the Parties do not agree, the Settlement will be null and void and the

Parties will have no further obligations under it.  An award by the Court of lesser amounts than sought for the Named Plaintiff Service Payments or Plaintiffs' Counsel Fees and Expenses Payment will not be a material modification of the Settlement.

2.   **Notice to FLSA Collective Members.**  After the Court enters its order granting Preliminary Approval of the Settlement, the Settlement Administrator will provide the Opt-in Plaintiffs with Settlement Notice as follows:

   a.   Within three (3) days after the Court enters its order granting Preliminary Settlement Approval, Plaintiffs' Counsel will provide to the Settlement Administrator contact information for each Opt-in Plaintiff.  The Settlement Administrator will keep this information confidential.

   b.   Within 14 days after the Court enters its order granting Preliminary Settlement Approval, the Settlement Administrator will distribute notice by mail, text, and email to each Opt-in Plaintiff, which will include the estimated Settlement Share that the Opt-in Plaintiff would receive. Prior to mailing the notice, the Settlement Administrator will use a national change of address database to ensure the addresses are up to date.

   c.   To the extent mail is returned as undeliverable, the Settlement Administrator will use any means practicable to obtain a current address and re-mail notice to a new address.

   d.   The Settlement Administrator will set up a website to provide all settlement documents, allow Opt-in Plaintiffs to complete their release forms, and host other case-related documents online for Opt-in Plaintiffs' review.

   e.   During the notice period, the Settlement Administrator will provide to Plaintiffs' Counsel and Defendant's Counsel a weekly report showing whether any which Notices have been returned and re-mailed, the receipt of any Requests for Exclusion, and the receipt of release forms.

   f.   After the Initial Notice Period, the Settlement Administrator will work with the Parties to conduct additional outreach to any FLSA Opt-in Plaintiffs who failed to respond over the next thirty (30) days to attempt to obtain a response (the "Extended Notice Period").

3.   **Request for Exclusion from Settlement by FLSA Opt-in Plaintiffs.** FLSA Opt-in Plaintiffs may opt-out of the Settlement pursuant to the following procedures:

a. The Settlement Notice will provide that FLSA Opt-in Plaintiffs may exclude themselves from the Settlement by mailing or emailing to the Settlement Administrator a physical or email letter requesting exclusion from the Settlement ("Exclusion Letter"), postmarked or emailed no later than 90 days after the Settlement Administrator first mails the Settlement Notice.

b. If a question is raised about the authenticity of an Exclusion Letter, the Settlement Administrator will have the right to demand additional proof of identity. FLSA Opt-in Plaintiffs who timely submit a valid Exclusion Letter ("Rejecters") will not participate in or be bound by the settlement, will not release any claims through this settlement, and will not be entitled to any payment from the Settlement. Any FLSA Opt-in Plaintiff who returns a valid Exclusion Letter will have 30 days of tolling after the Settlement Approval Date to file a new case, after which time the statute of limitations will resume, although such Rejecter would not lose any consent-based tolling from the time the Action was pending. Rejecters will have their claims dismissed **without** prejudice.

c. Defendant shall not be obliged to pay any amounts that were allocated to Rejecters.

d. If five (5) percent or more of the FLSA Opt-In Plaintiffs reject the settlement, then Defendant may—in its sole and exclusive discretion—declare the Agreement null and void by providing notice to Plaintiffs' Counsel within seven (7) days of the expiration of the Extended Notice Period.

4. **Failure to Respond within the Initial or Extended Notice Periods.** If an FLSA Opt-in Plaintiff fails to respond ("Non-Responders") to the Settlement Notice during the Initial and Extended Notice Period, the following procedures will apply:

a. On the Settlement Approval Date, any Non-Responders will have their claims dismissed with prejudice. To the extent any Non-Responders have already asserted claims against Defendant in some other forum or proceeding, whether judicial or administrative, those claims will not be impacted by the dismissal of that Non-Responder from the Action, and their claims will not be dismissed with prejudice. Such Non-Responder will not be barred from continuing to pursue those claims by not responding to the settlement notice.

b. Any amounts allocated to Non-Responders will be reallocated *pro rata* to Settling Plaintiffs.

5. **No Solicitation of Appeal or Opt-Out.**  Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any FLSA Opt-in Plaintiffs to appeal the Court's approval of the settlement or any resulting judgment, or reject the settlement. This provision does not, however, prevent Plaintiffs' Counsel from advising any FLSA Opt-in Plaintiff who contacts them about the settlement.

6. **Timing of Settlement Payments.**  On or by the Funding Date, Defendant will transfer the Total Settlement Amount, less any amounts that were allocated to Rejecters, to the Settlement Administrator. Within 7 days after receipt of these funds, the Settlement Administrator will issue checks for the Named Plaintiff Service Payments and the Settlement Shares to Settling Plaintiffs, and will transfer the Plaintiffs' Counsel Fees and Expenses Payment to Plaintiffs' Counsel.

7. **Uncashed Settlement Share Checks and Unused Funds.**  FLSA Opt-in Plaintiffs must cash their Settlement Share check within 120 calendar days after it is mailed to them.  Reissuance of lost or destroyed checks shall be permitted upon request during that 120-day period.  Reissued checks shall expire at the end of the initial 120-day period, or within 60 days of issuance, whichever is later.  If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the FLSA Opt-in Plaintiff at their correct address.  If a FLSA Opt-in Plaintiffs fails to cash their Settlement check within the 120-day time period, or within 60 days of reissuance, whichever is later, the Settlement Administrator will cancel the check(s).

During the check cashing period, the Settlement Administrator will send reminder emails (or postcards if no email address is available) to any Settling Plaintiffs whose checks remain uncashed after 45 days, and after 90 days. The form and content of any such reminder emails or reminder postcards shall be approved in advance by the Parties.  Additionally, the Settlement Administrator will provide a report to Plaintiffs' Counsel of outstanding checks after 45 days, 60 days, and 90 days.

If there are any funds remaining from uncashed checks or from the contingency fund that are not reallocated, those funds shall be donated to _____ as a *cy pres* beneficiary, subject to Court approval.

H.   **Release and Waiver of Claims.**

1. **Settling Plaintiffs.**  As of the date the Funding Date, all Settling Plaintiffs shall fully and forever release Defendant of all wage and hour claims, liquidated damages, penalties and interest under the FLSA and related state law while the Settling Plaintiff was employed by Defendant until March 6, 2024.

2. **Non-Responders.** As of the Settlement Approval Date, Non-Responders will have their claims dismissed **with** prejudice, subject to the limitations set out in Paragraph G.4., *supra.*

3. **Rejecters**. As of the Settlement Approval Date, Rejecters will have their claims dismissed **without** prejudice, as explained in Paragraph G.3.*, supra.*

I. **Miscellaneous Terms.**

1. **No Admission of Liability**.  Defendant denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, or that it has any liability to anyone for the claims asserted in the Action.  This Agreement is entered into solely for the purpose of compromising highly disputed claims.

2. **Publicity**. Counsel for the Parties agree not to publicize or publish the fact or terms of this settlement via television, radio newspaper, internet, social media, web, magazine, journal, report, pamphlet, book, news/press release, billboard, public posting, or any other media outlet, except in connection with court filings related to the settlement in the Belt v. P.F. Chang's China *Bistro, Inc.* – Case No. 2:18-cv-03831-AB.

3. Counsel for Plaintiffs represent that they currently have no other clients with claims against Defendant, and they currently have no intention to pursue any additional claims against Defendant.

4. **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.  However, the Terms Sheet previously signed by Plaintiffs' Counsel and Defendant's Counsel may be introduced into evidence to prove the fact and terms of the Parties' Settlement.

5. **Modification of Agreement.**  This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest, or by counsel for all Parties or their successors-in-interest.

6. **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

7. **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the

State of Pennsylvania, without giving effect to any conflict of law principles or choice of law principles.

8.    **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

9.    **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.  Defendant and the Named Plaintiffs represent and agree that they have had the opportunity to consult with their counsel in connection with this Agreement.

10.   **Cooperation During Settlement.**  The Parties agree to cooperate throughout the administration of the settlement, including in seeking Court approval of the settlement, to expedite final resolution of the claims and to maximize participation from the FLSA Opt-in Plaintiffs in the settlement.

11.   **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

12.   **Invalidity of Any Provision**.  The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions as valid to the fullest extent possible consistent with applicable precedents.

13.   **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts and may be executed utilizing electronic signatures.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties exchange them between themselves.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

**[Signatures on following page(s)]**

Signed:

| | |
|---|---|
| _Steven Belt_ | 05/04/2024 |
| Steven Belt<br>Plaintiff | Date |
| _Grace Castro_ | 05/03/2024 |
| Grace Castro<br>Plaintiff | Date |
| Libby Pitre | 4/30/2024 | 9:28 AM PDT |
| Defendant P.F. Chang's China Bistro | Date |

By: _Libby Pitre_

Its: _Interim General Counsel and CHRO_

**Approved as to Form:**

| | |
|---|---|
| _Reena I. Desai_ | 05/06/2024 |
| Reena I. Desai<br>Nichols Kaster, LLP<br>Attorneys for Plaintiffs | Date |
| _Meredith Slawe_ | 4/30/2024 |
| Meredith Slawe<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Attorneys for Defendant | Date |

## __EXHIBIT A__

NOTICE TO FLSA OPT-IN PLAINTIFFS OF PROPOSED COLLECTIVE ACTION SETTLEMENT

Name: <<EmployeeName>>
PIN: <<PIN>>
Password: <<password>>

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELT, et al., | **Case No. 2:18-cv-03831-AB** |
| Plaintiffs, | **Notice of Settlement for <<EmployeeName>>** |
| v. | |
| P.F. CHANG'S CHINA BISTRO, INC., | **Your estimated pre-tax settlement payment: $<<TotalAmount>>** |
| Defendant. | |
| | **YOU MUST COMPLETE A RELEASE FORM TO RECEIVE PAYMENT.** |

You are receiving this Notice because you timely joined this case as an "Opt-in" Plaintiff and P.F. Chang's records show you worked as Server for P.F. Chang's during the time covered by this case. **To obtain your share of the settlement, you must complete the release form and return it to the Settlement Administrator by: DATE.** You may also complete the form online by going to: url and using your individual PIN and password included on this notice.

## I.      DESCRIPTION OF THE LAWSUIT

This case was filed on July 11, 2018, on behalf of Servers who worked for P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's"). In the suit, Plaintiffs allege that P.F. Chang's required Servers to perform excessive amounts of side work that did not generate tips, and that P.F. Chang's failed to pay minimum wage under applicable federal law as a result. Plaintiffs sought to recover unpaid minimum wages, liquidated damages, and other related relief.

The Court conditionally certified this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA") on July 8, 2020. Notice of the Lawsuit was sent to all eligible servers providing them with the opportunity to join the lawsuit. The Notice of Lawsuit was sent to those who met the following description based on Defendant's records:

Any individual who works or worked for Defendant P.F. Chang's China Bistro, Inc. ("P.F. Chang's") as a Server at any time from November 5, 2016 to the present in the following states: Alabama, Arkansas, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, New Jersey, New Mexico, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, and Wisconsin.

1

Name: <<EmployeeName>>
PIN: <<PIN>>
Password: <<password>>

Because you filed a consent to join form, you are an Opt-in Plaintiff and are part of the collective action. The Court has approved this Notice, which provides information on how to participate in the settlement and your options.

Servers are only eligible for the settlement if they: a) are an Opt-in Plaintiff in this action; b) worked as a Server during the relevant time period; and c) worked as a Server in a state included in this lawsuit.

P.F. Chang's has denied the Plaintiffs' allegations and asserts that Servers were compensated correctly under federal and state wage and hour laws.  P.F. Chang's also contended that the litigation was not suitable for collective action treatment as there were considerable difference amongst the individuals who opted to participate in this case. Nevertheless, the Parties have agreed to settle this dispute for the purpose of avoiding further disputes and litigation with its attendant risk, expense, and inconvenience.  The Court has not made any ruling on the merits of the claims and no Party has prevailed in this action.  P.F. Chang's will not take an adverse employment action against any eligible Server who accepts a settlement payment as the law prohibits any such retaliation.

## II.    SETTLEMENT

On December 13, 2023, through arms-length and comprehensive negotiations at a private mediation with a retired Judge, the parties reached a tentative settlement agreement, which was preliminarily approved by the Court on [date].  Plaintiffs' Counsel has obtained for the Servers what they believe to be a fair and reasonable settlement offer in light of disputed issues.  The parties agreed to a total maximum settlement of ██████████ ("Total Settlement Amount").

### A.    Your Settlement Amount

Your individual settlement offer is based on a calculation performed by Plaintiffs' Counsel using the date your consent form was filed, your hours worked that were paid at a rate below minimum wage, as calculated based on your hours and earnings history in Defendant's timekeeping and payroll records. Based on Defendant's data, we determined that you worked a total of <<**weeks**>> during the relevant time period that were paid at a rate below minimum wage.

From this calculation, each Opt-in Plaintiff was allocated her or his pro rata share of the total settlement reached, after a deduction for attorneys' fees, litigation costs, administration costs, and Named Plaintiff Service Payments, all of which the Court has approved.  Please note that your individual settlement allocation reflected in this notice could change based on circumstances in the settlement, but it is not expected to decrease.

Your settlement payment will be reported as one-half W-2 wage earnings and one-half penalties, interest, and liquidated damages, reported on a 1099. **You will be responsible for the payment of any personal taxes owing on that amount.**  Standard employment tax withholdings

Name: <<EmployeeName>>
PIN: <<PIN>>
Password: <<password>>

will be made from the portion of your settlement award allocated to the settlement of your claim for unpaid wages.

You will have 120 days to cash your settlement checks. If you do not cash your check during this time, the money will be donated to charity.

**B.     Attorneys' Fees and Costs; Other Amounts Included in the Maximum Settlement Amount**

The Settlement will cover several categories of payment in addition to payments to the Servers.

First, the Court preliminarily approved 33% of the Total Settlement Amount ($████████) as payment for attorneys' fees, plus reimbursement of litigation costs of up to $████████. The Settlement Sum also includes the costs of administering the settlement, estimated to be $████████. Additionally, the Court preliminarily approved Named Plaintiff Service Payments of $████████ each for the two Named Plaintiffs, in recognition of their work bringing the case and pursuing these claims. Plaintiffs will file a motion for final approval within seven days after [notice period deadline] to request that the Court grant final approval of the settlement.

**C.     Scope of Release**

If you accept your settlement offer, you agree to waive and release your wage and hour claims against Defendant for damages, penalties, interest, attorneys' fees, costs, and any other amounts recoverable under the Fair Labor Standards Act or related state laws during your employment with P.F. Chang's through March 6, 2024.

If you exclude yourself from the Settlement, your claim will be dismissed by the Court without prejudice, and you will not receive a settlement payment, but you will be entitled to file a separate individual lawsuit if you so choose, subject to all applicable statute of limitations that may apply and/or may have already run on your claims. You will have 30 days of tolling after the Court approves the settlement and dismisses the case; after that point, the statute of limitations will resume and continue to run.

**D.     Your Options**

1.   Accept the Settlement

To participate in the settlement and receive your settlement payment, estimated to be $<<TotalAmount>>, **you must return a release form by <<date>>.** You may sign and return the enclosed release form, or you may return your signed form by email or fax, or complete the form online. The Settlement Administrator's address is as follows:

**Settlement Administrator**

2.   Reject the Settlement

Name: <<EmployeeName>>
PIN: <<PIN>>
Password: <<password>>

You have the right to withdraw from this lawsuit if you do not wish to release your claims in exchange for your settlement payment.  If you do so, you will not release any claims, you will retain the right to bring your own claims against Defendant, to the extent the claims are within the applicable statute of limitations, but you will not receive any settlement payments from this settlement.  If you wish to withdraw from this Lawsuit and reject the settlement, you must notify the Settlement Administrator by email or written letter. The Settlement Administrator may ask you for additional proof of identity.  If you timely submit a valid Exclusion Letter, you will not participate in or be bound by the Settlement, will not release any claims through this Settlement, will not be entitled to any payment from the Settlement, and will not have any right to appeal from, or comment on the Settlement.  If you return a valid Exclusion Letter, your claims in this case will be dismissed without prejudice to your right to file a separate individual lawsuit.  Your claims will be tolled for 30 days after the Court grants final approval of the settlement and dismisses the case to file a new lawsuit without any further loss of time under the applicable statute of limitations.

3.  Do not respond to the Settlement

If you do not respond to this notice, you will not receive payment, and your claims will be dismissed with prejudice, meaning you will be later barred from asserting your claims. Therefore, it is very important that you return a release form, if you wish to receive payment and release your claims, or return an Exclusion Letter, if you do not wish to receive payment but want to preserve your claims.

## III.   TIMING

On or before [enter date], Plaintiffs will file a motion with the Court, requesting that the Court grant final approval of the settlement and dismiss the case. Within 31 days of the Court's final approval of the settlement and dismisses the case or the date when the last of any appeals from the Court's order granting final approval of the settlement concludes, Defendant must send the Settlement Administrator the Total Settlement Amount.  Within seven days of receiving the Total Settlement Amount, the Settlement Administrator will mail the settlement checks to Opt-in Plaintiffs who accept the settlement.

## IV.   QUESTIONS

If you would like to review the full Settlement Agreement, or if you have any questions about the settlement, you should contact Plaintiffs' Counsel:

Reena I. Desai
Daniel S. Brome
Nichols Kaster
4700 IDS Center
80 South Eighth St.
Minneapolis, MN
612-256-3238
pfchangscase@nka.com

4

Name: <<EmployeeName>>
PIN: <<PIN>>
Password: <<password>>


DATED**:** _____, 2024

# RELEASE OF CLAIMS FORM

### *Belt et al. v. P.F. Chang's China Bistro, Inc.*
### Case No. 2:18-cv-03831-AB
### United States District Court for the Eastern District of Pennsylvania

As part of the settlement in the above-captioned lawsuit, I understand that I will receive a payment of approximately [enter amount] pre-tax if I return or postmark this Release Form by [**DATE**].

By signing this Release, I acknowledge my acceptance of the settlement and understand that I am bound by the terms of the Release.  I agree that in exchange for my total settlement payment, I hereby knowingly and voluntarily release **P.F. Chang's China Bistro, Inc.** from all wage and hour claims, liquidated damages, penalties and interest under the FLSA and related state law while I was employed by P.F. Chang's through March 6, 2024.

Signature: _____     Date: _____
[NAME]
[ADDRESS]

**If your address is incorrect, please handwrite your correct address before submitting your Release Form. To participate in the settlement, mail, fax, or scan and email this form by [DATE] to:**

   **[return information from Administrator]**