IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELT, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> P.F. CHANG'S CHINA BISTRO, INC., <br><br> Defendant. | Case No. 2:18-cv-03831-AB |

### ORDER GRANTING JOINT MOTION TO PRELIMINARILY APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT AND TO VOLUNTARILY DISMISS STATE LAW CLAIMS

The above-captioned matter came before this Court on August 14, 2024, on the Parties' Joint Motion to Preliminarily Approve Fair Labor Standards Act Settlement and to Voluntarily Dismiss State Law Claims. The Court, having considered the arguments and papers submitted herein, hereby GRANTS the motion in its entirety.

### FLSA Settlement Approval

The Court finds that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). *Fried v. Ideal Concepts Inc.*, 2018 WL 6587919, at *1 (E.D. Pa. July 17, 2018).

The Parties disputed the application of the FLSA's tip credit regulations to Plaintiffs, and whether the Plaintiffs could pursue minimum wages in light of those regulations, and if so, the amount of wages they could seek. The Parties disputed whether Plaintiffs could recover liquidated damages, and the appropriate statute of limitations. For these reasons, this case involved a *bona fide* dispute.

The Court also finds that the settlement is fair and reasonable. The Parties reached a

1

resolution after years of litigation and ample discovery, with the assistance of a skilled and experienced mediator. Further, the monetary recovery is within the range of reasonableness, and reflects the risks of further litigation. Specifically, continued litigation would have involved extensive depositions, risk of decertification, risks on the merits, and risks establishing damages for the collective.

The requested attorneys' fees and costs are reasonable in light of the settlement value and the work performed on this case. The requested costs and Named Plaintiff service awards are likewise approved.

The Court further finds that the settlement furthers FLSA implementation. The release is appropriately tailored to the claims in the case. The modest limitations on publicity and disclosure of monetary amounts do not frustrate the FLSA's purposes.

## **FLSA Certification and Dismissal of State Law Claims**

The Court previously granted conditional certification of the FLSA collective. In conjunction with approving the settlement, the Court hereby grants final certification of the collective for settlement purposes. *See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239 (3d Cir. 2013).

Additionally, the Court approves the request to voluntarily dismiss the state law class claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The Parties' settlement provides compensation for the FLSA Opt-ins in exchange for those individuals releasing their claims. The putative state law class members are not receiving payment and are not releasing claims; those claims are hereby dismissed without prejudice. *See Miller v. Hygrade Food Prod. Corp.*, No. 01-3953, 2002 WL 1060698, at *2 (E.D. Pa. May 23, 2002).

## Conclusion

The Parties' settlement is hereby preliminarily approved. The proposed notice, notice distribution plan, and proposed Settlement Administrator are approved. Therefore, pursuant to the Parties' Settlement, the Court orders as follows:

Within 14 days of the date of this Order, the Settlement Administrator shall distribute notice;

The 60-day initial notice period and 30-day extended notice period will run from the date notice is distributed;

The Parties shall notify the Court about settlement participation during the notice period. The Parties shall file a stipulation for final approval and dismissal within 7 days of the end of the extended notice period, stating the number of Settling Plaintiffs, the number of Rejecters, the number of Non-Responders, and identifying whether any objections have been received. If no objection has been received, the Court will rule on the stipulation for final approval and dismissal without a hearing. If the Parties' submission indicates there were objections, the Court will hold a final approval hearing on November 22, 2024.

SO ORDERED this 15th day of August, 2024.

    s/ANITA B. BRODY, J.
The Honorable Anita B. Brody
United States District Judge