UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN BELT, et al.,
         Plaintiffs,

     v.

P.F. CHANG'S CHINA BISTRO,
INC.,
         Defendant.

No. 2:18-CV-03831-AB

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Professor Charlotte Alexander has moved for leave to intervene for the limited purpose of seeking public access to portions of the proposed Fair Labor Standards Act (FLSA) settlement agreement that were filed under seal. Professor Alexander's proposed motion to unseal is filed contemporaneously with this motion.

## BACKGROUND

Professor Alexander is Professor of Law and Ethics at the Georgia Institute of Technology Scheller College of Business. Her scholarship focuses on the efficiency, transparency, and openness of the court system, and on employment law and litigation. She founded and directs the Law, Data & Design Lab at Georgia Tech, which works to improve open access to court data. She previously served as a Consultant for Oxfam America's Decent Work Program, as the Deputy Director for

the National Institute for Teaching Ethics and Professionalism at Georgia State University College of Law, as a Skadden Fellow and Senior Staff Attorney for the Georgia Legal Services Program's Farmworker Rights Division, and as a Law Clerk for the Honorable Nancy Gertner of the U.S. District Court for the District of Massachusetts. Her publications include *Settlement as Construct: Defining and Counting Party Resolution in Federal District Court*, 119 Nw. L. Rev. __ (forthcoming 2024); *The Shadow Judiciary*, 39 Rev. of Litig. 303 (2020); *How to Build a More Open Justice System*, SCIENCE (July 10, 2020); *The Hacking of Employment Law*, 82 Mo. L. Rev. 974 (2018); *Misclassification and Antidiscrimination: An Empirical Analysis*, 101 Minn. L. Rev. 907 (2017); *Gaming the System: The Exemption of Professional Sports Teams from the Fair Labor Standards Act*, 49 U.C. Davis L. Rev. 123 (2015); *Bottom Up Workplace Law Enforcement: An Empirical Analysis*, 89 Ind. L.J. 1069 (2014); and, *Would an Opt In Requirement Fix the Class Action Settlement? Evidence from the Fair Labor Standards Act*, 80 Miss. L.J. 443 (2010).

She believes that greater access to FLSA settlement information serves the policies underlying the statute, including remediating employers' wrongs and creating a more just economic system where workers are guaranteed a minimum standard of living in exchange for a fair day's labor. She also collects settlement information in FLSA suits and other case types to further her academic research

about United States employment law and civil litigation. She therefore seeks to intervene to move the Court to unseal proposed settlement information in this case.

## ARGUMENT

Third Circuit precedent establishes that Professor Alexander has standing to intervene to challenge the protective order entered on May 9, 2024. Her motion to intervene is both timely under Rule 24(b)(1) of the Federal Rules of Civil Procedure and will not unduly delay or prejudice the rights of the original parties, consistent with Rule 24(b)(3). This Court should therefore permit her to intervene for the limited purpose of seeking unsealing of the redacted portions of the proposed settlement.

Professor Alexander has standing to intervene. The Supreme Court and the Third Circuit have repeatedly upheld the public right of access to judicial records. *See Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978); *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993). The Third Circuit has also "routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 & n. 12 (1st Cir.

1988), *cert. denied*, 488 U.S. 1030 (1989); *In re Alexander Grant & Co., Litig.*, 820 F.2d 352, 354 (11th Cir. 1987); *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978); *City of Hartford v. Chase*, 733 F. Supp. 533, 534 (D. Conn. 1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir. 1991)).

Professor Alexander's intervention is also consistent with the Federal Rules of Civil Procedure and with the Local Civil Rules of the Eastern District of Pennsylvania. Federal Rule of Civil Procedure 24(b)(1) provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." The Third Circuit, following other courts of appeals, has held that intervenors need not demonstrate that their claims involve the same legal theory that was raised in the main action: "There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Pansy*, 23 F.3d at 778 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). Rather, an individual who, like Professor Alexander, seeks to intervene solely to challenge the validity of a confidentiality order meets the nexus requirement of Rule 24. *See id.*; *see also* Local Civil Rule 5.1.5(c)(2) (a party seeking access to a sealed document may, "during the pendency of the action for good cause shown … petition the Court to unseal the document"); *Johnson v. Corr. Corp. of Am.*, No. 3:12-CV-00246-H, 2014 WL 3970115, at *1 (W.D. Ky.

Aug. 13, 2014) (granting leave to intervene to news organization seeking to unseal portions of an FLSA settlement agreement, including the amount that would be paid to each plaintiff and attorney's fees and costs).

Moreover, pursuant to Local Civil Rule 5.1.5, Professor Alexander gave counsel for P.F. Chang's 60 days' notice of her intent to file a motion to unseal on June 21, 2024—less than two months after the sealing order was entered on the docket. Doc. 202 (filed May 9, 2024). She files this motion on August 21, 2024—in other words, the soonest possible moment after the 60 days have elapsed. The Third Circuit has deemed timely motions to intervene that are filed far later than Professor Alexander's. In *Pansy*, for instance, the Third Circuit deemed a motion to intervene timely where it was filed over six months after the entire litigation resolved, and cited the "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." 23 F.3d at 779. There is therefore no question that the motion is timely.

Finally, Professor Alexander's intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). There is no reason to believe her intervention would cause undue delay, particularly given the strong, nationwide consensus of federal courts—discussed in the memorandum in support of her motion to unseal—as to the importance of the public's right to access FLSA settlement information. Consideration of the motion has no impact on the

notice schedule approved by this Court. Doc. 213. And because Professor Alexander "seeks intervention to challenge a protective order and not to participate on the merits, [her] intervention would not prejudice the existing parties." *Johnson*, 2014 WL 3970115, at *1; *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006) (noting that nonparties routinely seek access to judicial records filed under seal through permissive intervention under Rule 24(b)(2), and holding that intervenor's request to do so would not unduly delay or prejudice the original parties).

## CONCLUSION

This Court should grant Professor Alexander's motion to intervene under Federal Rule of Civil Procedure 24(b) and Local Civil Rule 5.1.5(c)(2).

Dated        August 21, 2024

Respectfully submitted,

/s/ *Michael J. Quirk*
Michael J. Quirk, Esq.
PA Attorney I.D. No. 204677
Motley Rice LLC
40 West Evergreen Ave., Suite 104
Philadelphia, PA 19118
(610) 579-9932
mquirk@motleyrice.com

Lauren E. Bateman
(*pro hac vice* motion forthcoming)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org

*Attorneys for Proposed Intervenor*
*Charlotte Alexander*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing document upon counsel of record for all parties by filing via the Court's Electronic Case Filing (ECF) system.

Dated:        August 21, 2024

/s/ *Michael J. Quirk*
Michael J. Quirk