**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| STEVEN BELT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.<br>Defendant. | No. 218-CV-03831-AB |

**DEFENDANT'S COMBINED OPPOSITION TO NON-PARTY
MOTION TO INTERVENE AND MOTION TO UNSEAL**

Defendant P.F. Chang's China Bistro, Inc., ("Defendant") submits this brief in opposition to non-party Professor Charlotte Alexander's ("Professor Alexander") Motion to Intervene and Motion to Unseal the Unredacted Version of the Joint Motion for Settlement Approval Filed Under Seal (collectively referred to as the "Non-Party Motions"). The Court previously granted Defendant's Unopposed Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers Partially Under Seal and with Monetary Amounts Redacted. (ECF 202.) The redaction of the settlement amounts is a material term in the parties' Settlement Agreement, and Defendant relied on the Court's protective order in moving forward with preliminary approval of the parties' settlement agreement. Granting Professor Alexander's Motion to Intervene would unduly delay the proceedings and critically prejudice the parties. Additionally, the balance of interests favor denying Professor Alexander's Motion to Unseal, because there is virtually no public value in knowing the settlement amount of this specific action, particularly in light of recent intervening law that eliminates Plaintiffs' underlying cause of action that is rooted in the now-

invalidated 80/20 Rule.  To unseal the material term of the parties' settlement agreement under these circumstances would serve no purpose other than to indulge the curiosity of Professor Alexander and, importantly, it would eliminate a key term of the negotiated settlement and prompt the parties to restart discussions of any potential resolution.  Defendant respectfully requests that the Court deny both Non-Party Motions.

## I.    BACKGROUND

Plaintiffs Steven Belt, Laura Council, and James Harris ("Plaintiffs") filed their original Complaint ("Complaint") on July 11, 2018, in the U.S. District Court for the District of Maryland. (ECF 1.)  Plaintiffs then transferred the action to the U.S. District Court for the Eastern District of Pennsylvania and filed the First Amended Complaint, adding Grace Castro as a named Plaintiff. (ECF 14.)  Plaintiffs alleged minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania's Minimum Wage Act ("PMWA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL").  Plaintiffs' Complaint was based on the now-invalidated legal theory that Defendant violated these laws by allegedly requiring them, and other servers, to perform tasks unrelated to their tipped occupation and forcing Plaintiffs to spend more than 20% of the workweek on untipped-related work while paying a reduced credit rate (also known as the "80/20 Rule").[1]  Defendant has vigorously denied these allegations.

---

[1]    Plaintiffs' Complaint assumed that the Court would defer to the Department of Labor's 80/20 Rule, which the Department of Labor withdrew and replaced with the now-vacated 2021 Final Rule (commonly known as the "80/20/30 Rule" or the "80/20 Rule").  In *Restaurant Law Center v. United States Dep't of Lab.*, No. 23-50562, 2024 WL 3911308 (5th Cir. Aug. 23, 2024), the Fifth Circuit unanimously vacated the Department of Labor's 80/20/30 Rule on the tip credit, concluding that the 80/20/30 Rule is both contrary to the FLSA statutory text and arbitrary and capricious.  *See id.* at *5-11.  In reaching this conclusion, the Fifth Circuit specifically stated, "we are not persuaded that the 80/20 standard, however longstanding, can defeat the FLSA's plain text."  *See id.* at *8.

On January 15, 2019, Defendant moved for summary judgment, (or, in the alternative, judgment on the pleadings) challenging the enforceability of the Department of Labor's 80/20 Rule. (ECF 37.)  The Court denied Defendant's motion on August 15, 2019. (ECF 57.)  Following the Court's denial of Defendant's motion for summary judgement on November 21, 2019, Plaintiffs moved to conditionally certify a collective action for servers in 150 restaurant locations across 30 states. (ECF 73.)  On July 8, 2020, the Court granted Plaintiffs' motion. (ECF 87.)  During a thorough and intense discovery process, the parties agreed to explore the possibility of a negotiated global resolution of this matter through mediation before undertaking further the time and expense associated with the remainder of the Discovery Plan.  Accordingly on September 13, 2023, the parties submitted a Joint Motion to Stay Case Pending Mediation, which the Court granted.  (ECF 189.) The parties agreed to mediate the action with retired Magistrate Judge Diane Welsh (JAMS).

During the hard-fought settlement negotiations, the parties explicitly acknowledged and agreed as a negotiated term that the monetary terms of the settlement would remain confidential and redacted from the court-filings.  To that end, on May 9, 2024, Defendant filed their Unopposed Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers Partially Under Seal and with Monetary Amounts Redacted.  (ECF 201.)  The Court granted the Motion and permitted Defendant to file its motion to approve the parties' confidential Settlement Agreement and related papers with monetary amounts redacted, with an unredacted version filed under seal.  (ECF 202.)  As a result, the parties moved forward with the settlement, and on May 16, 2024, the Parties filed their Joint Motion for Preliminary Approval of Settlement, Notice, and Release.  (ECF 203.)  Following a hearing on August 14, 2024, the Court granted the motion on August 15.  (ECF 213.)  On August 21, 2024, Professor Alexander filed a Motion to Intervene and

a Motion to Unseal the Motion for Settlement Approval and All Accompanying Documents.  (ECF 214.); (ECF 216.)  Defendant now moves to oppose both Non-Party Motions.

## II.    ARGUMENT

### A.    Intervention Would Unduly Delay and Prejudice the Adjudication of the Parties' Rights.

Non-Party Professor Alexander seeks to permissively intervene under Rule 24(b) of the Federal Rules of Civil Procedure.  In order to intervene under FRCP 24(b), Professor Alexander must file a timely motion demonstrating that she "is given a conditional right to intervene by federal statute" or she "has a claim or defense that shares with the main action a common question of law or fact."  *See* Fed.R.Civ.P. 24(b).  Additionally, in exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the parties' rights.  *See id*.

Here, Professor Alexander's Motion to Intervene should be denied both because her intervention will necessarily unduly delay the adjudication of the parties' rights and because the intervention would prejudice the parties to the action and potentially unravel the settlement.  While the Third Circuit has recognized that "[t]here is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order[,]" this case is readily distinguishable from most actions involving media entities seeking to intervene to challenge protective orders because Professor Alexander's intervention here would directly impact both the parties and the pace at which the action is resolved, beyond simply infringing on the parties' privacy interests.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994).  In this way, Professor Alexander's intended intervention is more akin to cases in which third parties seek to actively join actions, rather than merely challenge protective orders.  In this context, courts regularly evaluate the extent to which the new party's involvement may delay proceedings or prejudice the

existing parties. *See In re Safeguard Scis.*, 220 F.R.D. 43, 49 (E.D. Pa. 2004) (Denying intervention in securities fraud action and recognizing "reviewing the record in this case we find that nearly three years have elapsed since its inception, discovery has closed and the matter is now trial-ready. To allow these parties to intervene now would essentially require reopening the matter to additional class discovery and the filing of a second class certification motion thus inflicting potentially significant additional delays, costs and expenses on the existing parties. Thus, the motion for permissive intervention is also denied.").

Here, the redaction of the settlement amounts was unmistakably a material term, and the Settlement Agreement provides that "[s]hould the Court decline to approve all material aspects of the Settlement, or order material changes to the Settlement to which the Parties do not agree, **the Settlement will be null and void and the Parties will have no further obligations under it**." *See* Exhibit 1 (Declaration of Meredith Slawe) at ¶ 3 (emphasis added); *see also* ECF 203 at § II(G)(1). Thus, Professor Alexander's intervention would have the effect of voiding the Settlement Agreement, after preliminary approval, and after notice has been distributed. Even if the parties sought to immediately renegotiate another Settlement Agreement, those additional negotiations, coupled with the preparation of yet another Joint Motion for Preliminary Approval, and a second round of court authorized notice, would be a tremendous waste of judicial resources, force the parties to incur additional costs and attorneys' fees that would erode any settlement amount Plaintiffs negotiated, and delay the time in which Plaintiffs receive their settlement shares, if any.

To the extent that the Court may consider these practical harms more appropriate in evaluating the merits of Professor Alexander's Motion to Seal, rather than their Motion for Intervention, denial of the latter is still appropriate. Specifically, voiding the Settlement Agreement would severely prejudice Plaintiffs in light of the Fifth Circuit's recent ruling in *Restaurant Law Center v.*

*United States Dep't of Lab.*, No. 23-50562, 2024 WL 3911308 (5th Cir. Aug. 23, 2024), which vacated the Department of Labor's 2021 Final Rule on the tip credit (commonly known as the "80/20/30 Rule" or the "80/20 Rule"), and thus extinguished the legal theory forming the basis for Plaintiffs' FLSA claims in this case. Rather than renegotiating a more favorable Settlement Agreement to account for losing a material term to the initial Settlement Agreement, if a material term of the Settlement Agreement is voided Defendant would move the Court to reconsider its January 15, 2019, Motion for Summary Judgment in which the Court rejected Defendant's arguments against the enforceability of the 80/20 Rule. *Belt v. P.F. Chang's China Bistro, Inc.*, 401 F. Supp. 3d 512, 538 (E.D. Pa. 2019). Indeed, to the extent that Professor Alexander's arguments in favor of granting either of their motions rely on extoling the benefits of transparency to "remediate employers' wrongs and create a more just economic system where workers are guaranteed a minimum standard of living in exchange for a day's labor[,]" such arguments are inapposite, given that, Professor Alexander's efforts here threaten to unravel an approved Settlement Agreement in its final state that is in effect is currently a windfall for the Plaintiffs. (ECF. 214-1 at 2-3.)

### B.    The Balance of Interests Favors Preserving the Redactions of Confidential Settlement Fund Amounts.

As Defendant previously identified in their Unopposed Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers Partially Under Seal and with Monetary Amounts Redacted, it is well-established that the public's right of access is not absolute, notwithstanding the Third Circuit's recognition of a common-law presumption of public access to judicial records, and district courts are empowered to use their discretion to control and seal portions of judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *Century Indemnity Co. v. Certain Underwriters at Lloyd's, London*, 592 F.Supp.2d 825, 827 (E.D. Pa. 2009) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d at 783. Courts must "engage in [a]

balancing process" to determine whether sealing information in a judicial record is appropriate. *See In re Cendant Corp.*, 260 F.3d at 198.

The Third Circuit has determined that "good cause" is required to justify an order of confidentiality and the sealing of portions of a record. *See Pansy*, 23 F.3d at 786. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citations omitted); *Brand Design Co., Inc. v. Rite Aid Corp.*, No. CV 22-1174, 2024 WL 643141, at *6 (E.D. Pa. Feb. 14, 2024) (determining that disclosure of non-public financial information was a sufficiently defined and serious injury to a business that supported sealing portions of records containing this information.) The Third Circuit has also recognized that there is "strong public interest in encouraging settlement of private litigation" and the parties' agreement to a "particularized need for confidentiality" is a factor that weighs in favor of denying public access to a judicial record. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986); *Pansy*, 23 F.3d at 788. In addition, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

Here, good cause counsels in favor of keeping the Settlement Agreement under seal. First, as Defendant observed in the Motion to Seal, the settlement fund amounts only affect the opt-in Plaintiffs who affirmatively chose to join the lawsuit by submitting a consent form to join. Contrary to Professor Alexander's argument, which speaks in generalities of the public interest in FLSA settlement agreements, the public utility of the specific agreement at issue in this action is insignificant and, in any event, has been significantly diminished in the wake of the Fifth Circuit's

recent ruling in *Restaurant Law Center v. United States Department of Labor*.  As such, Professor

Alexander's interest in the Settlement Agreement here is purely academic.  *See Hill v. Medicare*

*Transp., Inc.*, No. 5:19CV1582, 2019 WL 5425167, at *2 (N.D. Ohio Oct. 22, 2019) (approving

confidential FLSA settlement agreement and reasoning that "[t]he parties' pleadings are publicly

accessible, as is the fact of the Settlement itself…Members of the public stand to learn little about

the value of this FLSA dispute by viewing the terms of the Settlement.").

Furthermore, while Professor Alexander proposes a rigid theory of public access, courts in

the Third Circuit and throughout the country have recognized the benefits of flexibility to "strike[]

a balance between defendants' interests and the desire to inform future workers of their rights

under the FLSA and the potential for recovery when those rights are violated." *Cardwell v. RPM*

*Wholesale & Parts, Inc.*, No. CV 21-10831, 2021 WL 5563979, at *3 (E.D. Mich. Nov. 29, 2021);

*Thompson v. Seagle Pizza, Inc.*, No. 3:20-CV-16-DJH-RSE, 2022 WL 1431084, at *14 (W.D. Ky.

May 5, 2022) (observing that "settlement amounts can be—and often are—sealed" and ordering

redacted versions of the settlement agreement be published on the docket to allow the public to

"ascertain what evidence and records the Court relied upon in reaching its decisions[.]")  (internal

marks and citations omitted);[2]  *McCowan v. City of Philadelphia*, Civ. No. 2:19-CV-03326-KSM,

2021 WL 3737204, at *5 (E.D. Pa. Aug. 24, 2021) (partially granting motion to redact and observ-

ing that "redacting this information, as opposed to sealing the records wholesale, represents the

least restrictive means available to protect the privacy interests at stake.); *Davis v. Elwyn, Inc.*,

---

[2]    *See Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *4 (E.D. Mich. May 31, 2022) (approving confidentiality provision in FLSA settlement agreement requiring plaintiffs to keep settlement amounts confidential and redacting settlement amounts in published settlement agreement); *McKnight v. Erico Int'l Corp.*, No. 1:21-cv-01826, (N.D. Ohio Feb 15, 2023) (ECF No. 51) (approving motion to redact settlement amounts in published FLSA settlement agreement and reasoning that the limited redactions "outweigh[ed] the public's interest in making this private financial information public.")

Civ. No. 2:20-CV-05798-KSM, 2021 WL 4902333, at *6 (E.D. Pa. Oct. 20, 2021)  (recognizing that redactions were "the most narrowly tailored way to protect [privacy interests] while allowing the public to access these judicial records.").[3]  Indeed, as Defendant identified in their Motion to Seal, courts in the Third Circuit regularly approve similar measures in to protect parties' privacy interests in FLSA Settlement Agreements.[4]

To the extent that the availability of this Settlement Agreement may still present some minimal public benefit after *Restaurant Law Center v. United States Department of Labor*, all is not lost simply because the Settlement Agreement contains limited redactions.  As the Court recognized in *Athan*, "information provided by the Parties in their Motion, during the hearing… discloses significant and helpful contextual facts regarding the nature and quality of the recovery for Plaintiffs in this case[.]" *Athan v. U.S. Steel Corp.*, 523 F.Supp.3d 960, 969-70 (E.D. Mich. 2021). Here, the public availability of all the pleadings and the public availability of all the material terms *except* the settlement figures more than satisfies any public interest in this action.

---

[3]    *See Ebert v. C.R. Bard, Inc.*, No. CV 12-01253, 2020 WL 429771, at *3 (E.D. Pa. Jan. 28, 2020) (declining motion to seal expert reports because a less restrictive alternative was available, and instead only permitting redactions); *Aetna, Inc. v. Mednax, Inc.*, No. CV 18-2217, 2021 WL 5987205, at *6 (E.D. Pa. Dec. 17, 2021) (granting motion to permanently seal certain documents attached to summary judgment motion and finding that there was "no less restrictive way" to protect the sealed information.").

[4]    *See Fiumano v. Metro Diner Mgmt. LLC*, No. CV 17-465 (E.D. Pa. Oct. 10, 2023) (Brody, J.), ECF Nos. 263 & 269 (granting defendants' permission to file motion to approve confidential FLSA collective action settlement resolving tip credit and tip pool claims under seal and with monetary amounts redacted, while instructing defendant to submit the unredacted version to the Court.); *Locke v. Q Grp. Builders*, No. 20-2127 (E.D. Pa. Mar. 4, 2021) (McHugh, J.), ECF 12 (sealing documents filed in connection with a motion to enforce a FLSA settlement, "to maintain the confidentiality of the settlement amount."); *Lovett v. Connect America.com*, No. CV 14-2596, 2015 WL 5334261, at *2-6 (E.D. Pa. Sept. 14, 2015) (Hey, J.) (permitting parties to file FLSA settlement agreement and accompanying paperwork with the settlement amounts redacted, finding that "the redacted settlement agreement will be a public record in the court" and that "the agreement does not frustrate implementation of the FLSA."); *Evans v. Lowe's Home Center, Inc.*, Case No. 3:03-cv00438 (Doc. 338) (M.D. Pa. March 6, 2007) (Caputo, J.), ECF No. 338 (permitting parties to file FLSA settlement agreement and related documents under seal).

Professor Alexander mischaracterizes Defendant's Motion to Unseal as offering just two reasons for redacting the settlement amounts: that the amount only affects the opt-in Plaintiffs, and that Defendant has an interest in being protected from speculation as to the merits of the case. Professor Alexander argues that the signed settlement agreement did not guarantee sealing the settlement figures, and thus does not suggest that it would become void if the Court denied the Motion to Seal, citing a provision of the settlement agreement providing that only changes to "material aspects of the Settlement" will void the agreement. What Professor Alexander fails to grasp however, is that the redaction of the settlement figures was itself a material term of the Settlement Agreement. *See* Exhibit 1 (Declaration of Meredith C. Slawe) at ¶ 3. Courts have recognized that redactions are appropriate where parties have "indicated to the Court that confidentiality of the monetary amounts was a material term of the settlement, vigorously debated over the course of their mediation[,]" and that "[w]ithout this baseline provision of confidentiality, the Parties indicated they would not have reached an agreement. Going back to the drawing board in a case as complex as this, where the terms of the agreement appear favorable to the Plaintiffs, would not serve the public interest." *Athan,* 523 F.Supp.3d 960 at 969. Moreover, the materiality of the term is not speculative where, as here, Defendant's counsel provides declaration testimony regarding the significance of the redactions within Defendant's bargaining priorities.

Professor Alexander's reliance on *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, for the proposition that "the generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access[,]" is misplaced, because there, the Court also recognized the significance of the fact that the settlement agreement "pertained to a single dispute between a small group of parties." 800 F.2d at 346. Even assuming, arguendo, that Defendant's Unopposed Motion for Leave to File

Joint Motion for Preliminary Approval of Settlement and Related Papers Partially Under Seal and with Monetary Amounts Redacted merely presented a "generalized interest in encouraging settlements" as the basis for permitting redactions, by granting the Motion, the Court heightened the parties' interests by introducing the kind reliance evaluated in *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011). In *LEAP Sys., Inc.*, the Third Circuit denied an Intervenor's Motion to Unseal portions of a transcript where the Court memorialized settlement terms in part because the Court found "[Plaintiff's] reliance on the District Court's assurances of confidentiality entirely reasonable and sufficient to outweigh the public's common law right of access." 638 F.3d at 222. Similarly, Defendant relied on the Court's Order granting their motion to redact the settlement amounts in their decision to submit the parties' Joint Motion for Preliminary Approval of Settlement, Notice, and Release.[5] Contrary to Professor Alexander's contention that the Settlement Agreement was not contingent on the redactions, if the Court had denied Defendant's motion, Defendant would have had the opportunity to end settlement talks, or return to the negotiating table and extract greater concessions from Plaintiffs, including a reduction in the settlement total.

---

[5] This distinguishes this action from all but one of the cases Professor Alexander cites involving a sealed FLSA Settlement Agreement. While Defendant recognizes *Johnson v. Corr. Corp. of Am.*, No. 3:12-CV-00246-H, 2014 WL 3970115 (W.D. Ky. Aug. 13, 2014), as rejecting a similar reliance argument, the Western District of Kentucky decision does not control. Moreover, *Johnson* is readily distinguishable, given the heightened public interest in monitoring the finances of private prisons and the fact that Defendant has supported their reliance argument with declaration testimony. Finally, the fact that unsealing the Settlement Agreement would void the Agreement uniquely tilts the balance of interests in favor keeping the redacted settlement amounts sealed because Plaintiffs would be severely prejudiced if Defendant opted to continue to litigate rather than renegotiate, in light of the recent decision in *Restaurant Law Center v. United States Department of Labor.*

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny non-party Professor Alexander's Motion to Intervene and Motion to Unseal the Unredacted Version of the Joint Motion for Settlement Approval.

**EPSTEIN BECKER & GREEN P.C.**
*s/ Paul DeCamp*
Paul DeCamp
1227 - 25th St NW, Suite 700
Washington, DC 20037
Telephone: (202) 861-1819
Fax: (202) 861-3571
Email: pdecamp@ebglaw.com

Kathleen A. Barrett
227 W. Monroe Street, Suite 3250
Chicago, IL 60606
Telephone: (312) 499-1400
Email: kbarrett@ebglaw.com

**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
Michael W. McTigue Jr.
Meredith C. Slawe
Colm P. McInerney (*pro hac vice*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Email:  michael.mctigue@skadden.com
            meredith.slawe@skadden.com
            colm.mcinerney@skadden.com

*Attorneys for Defendant*
*P.F. Chang's China Bistro, Inc.*

September 12, 2024