UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELT, et al.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br>　　　Defendant. | No. 2:18-CV-03831-AB |

**REPLY TO COMBINED OPPOSITION TO MOTION TO INTERVENE
AND MOTION TO UNSEAL**

Proposed Intervenor Professor Charlotte Alexander submits this reply to Defendant P.F. Chang's combined opposition (Doc. 222) to her motion to intervene for the limited purpose of unsealing the settlement agreement (Doc. 214) and to her motion to unseal (Doc. 216). As discussed below, the premise of P.F. Chang's opposition to both motions is incorrect: Confidentiality is not a material term of the settlement. P.F. Chang's is therefore incorrect that permitting Professor Alexander to intervene in her effort to vindicate the public's right to access court records that include the terms of the settlement agreement would void any term of agreement, and there is no reason to believe granting the motions would create delay or prejudice.

Moreover, P.F. Chang's still has not offered any valid reason for sealing the settlement figures—let alone the type of extraordinary reason that would be

1

necessary to overcome the strong presumption of public access to FLSA settlement terms. And tellingly, P.F. Chang's does not grapple at all with this Court's opinion in *Adams v. Bayview Asset Management, LLC*, 11 F. Supp. 3d 474 (E.D. Pa. 2014), a case on all fours with this one. This Court should follow *Adams*, balance the strong right to public access of the settlement terms against P.F. Chang's unsupported interest in keeping those terms secret, and unseal the settlement figures.

## ARGUMENT

I. **Professor Alexander's intervention would not cause delay and would not prejudice the parties.**

P.F. Chang's does not contest Professor Alexander's standing to intervene, that her motion to intervene is timely under Rule 24(b)(1), that her motion to unseal has sufficient nexus to the main action under Rule 24(b)(1)(B), or that her intervention is consistent with the Local Rules of Civil Procedure. Instead, its opposition to the motion to intervene turns on its argument that Professor Alexander's intervention would harm the parties by creating delay. That argument, in turn, hinges entirely on its assertion that redaction of the settlement amounts was a material term of the settlement and its resultant conclusion that unsealing those figures would void the agreement. As a preliminary matter, this argument provides no basis for denying intervention because it does not address the grounds for intervention, but rather addresses this Court's disposition of the motion to unseal. In other words, P.F. Chang's does not offer a single reason to conclude that, if this Court were to grant

Professor Alexander's motion to intervene, the parties would be subject to undue delay or prejudice in any way.

In any event, P.F. Chang's is incorrect. Despite P.F. Chang's repeated insistence that the parties "agreed as a negotiated term that the monetary terms of the settlement would remain confidential and redacted from the court-filings," Doc. 222 at 3, it identifies no language in the settlement agreement to support that assertion. And, in fact, the agreement contains no such term, Doc. 203-3.

The plain text of the settlement agreement shows conclusively that the parties did not premise settlement on the secrecy of the monetary terms. The agreement contains two relevant provisions. First, it states, "On or before May 9, 2024, Counsel for Defendant shall file Defendant's Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers with Monetary Amounts Redacted."[1] Doc. 203-3 at 4. Second, it states, "Plaintiffs will not oppose this motion." *Id.* P.F. Chang's counsel concedes that these terms were *specifically* bargained for, stating that, "[a]fter considerable negotiations, Plaintiffs and Defendant ultimately agreed to the language of the confidentiality term[s]." Doc. 221-1 at 3. And the parties carried out each of these terms. P.F. Chang's filed its motion for leave on May 9, 2024, and Plaintiffs did not oppose that motion. *See* Doc.

---

[1] The agreement also contains a duplicative provision providing that "Defendant will file a motion for leave to file monetary amounts under seal." Doc. 203-3 at 4.

201. No further provisions—material or otherwise—govern the confidentiality of the settlement agreement. Thus, the agreement negotiated by P.F. Chang's expressly leaves the confidentiality decision to the Court and contains no provision allowing it to void the agreement if the Court decides against confidentiality.

P.F. Chang's suggestion that, in opposing Professor Alexander's intervention, it is fighting to preserve "a windfall for the Plaintiffs," Doc. 222 at 6, is likewise premised on the unsubstantiated notion that unsealing the settlement's monetary figures would void the settlement agreement. The parties, following "hard fought settlement negotiations," agreed to the terms of the settlement agreement when they filed a joint motion on May 16, 2024, seeking this Court's preliminary approval of the settlement. Doc. 222 at 3; *see* Doc. 203-1. This Court held a hearing and subsequently granted that motion on August 15, 2024. Doc. 213. The agreement is binding on the parties, and the fact that the United States Court of Appeals for the Fifth Circuit issued an opinion *after* August 15 that supposedly would put Plaintiffs in a less advantageous bargaining position were negotiations to happen today is of no moment.

In short, because Professor Alexander's intervention would not delay proceedings, but only enable her to present her motion to unseal, P.F. Chang's argument that intervention would prejudice the parties by undoing the settlement agreement is neither relevant to intervention, nor correct.

**II.    P.F. Chang's has not demonstrated extraordinary circumstances sufficient to overcome the public right to access FLSA settlements.**

**A. P.F. Chang's ignores this Court's framework for analyzing motions to unseal FLSA settlements.**

In arguing that the public should not be able to access the terms of this FLSA settlement, P.F. Chang's tellingly does not grapple at all with *Adams*—a decision cited extensively in Professor Alexander's Memorandum in Support of the Motion to Unseal—in which this Court laid out the roadmap for resolving questions related to secrecy of FLSA settlement terms. In *Adams,* this Court directly rejected the premise that P.F. Chang's now urges this Court to adopt: that the public interest in the settlement figures is minimal because the monetary amounts "only affect the opt-in Plaintiffs," Doc. 222 at 7.[2] Instead, this Court noted that the public has an "'independent interest in assuring that employees' wages are fair,'" and that, therefore, "[p]ublic access to judicial records is particularly appropriate in the context of the FLSA." *Adams*, 11 F. Supp. 3d at 476 (quoting *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003)). As a result, "there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement

---

[2] Other courts have likewise found this argument "without merit." *Chime v. Fam. Life Counseling & Psychiatric Servs.*, No. 1:19-CV-2513, 2020 WL 6746511, at *5 (N.D. Ohio Nov. 17, 2020); *see also Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in [FLSA] settlement agreements are a sufficient interest to overcome the presumption of public access.").

cases unsealed and available for public view." *Id.* (quoting *Cuttic v. Crozer–Chester Med. Ctr.*, 868 F. Supp. 2d 464, 467 (E.D. Pa. 2012)). For the reasons Professor Alexander expressed in her motion, this presumption applies to all material terms of the agreement—including the monetary amounts. *See* Doc. 216-1 at 7–10. As one court has observed, "How can the public ascertain whether the court has properly exercised its authority in approving an FLSA settlement if it does not know the amount of the settlement?" *Mesta v. Citizens Bank, N.A.*, No. CIV.A. 14-703, 2015 WL 4039358, at *2 (W.D. Pa. June 30, 2015).

As this Court explained in *Adams*, once the presumption attaches, the Court must balance it against any factors favoring nondisclosure. 11 F. Supp. 3d at 477. And, where a party "fail[s] to raise any justifications to override the public's right of access other than the confidentiality term" in an FLSA settlement agreement, the right of access prevails because "[p]reventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by judicial seal." *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d, 1227, 1246 (M.D. Fla. 2010))

### B. P.F. Chang's has not demonstrated that it would suffer a clearly defined injury from unsealing the settlement figures.

P.F. Chang's does not offer any valid basis for overcoming the presumption of public access to judicial records. The restaurant concedes—as it must—that a party seeking confidentiality of judicial records must show "with specificity" that it will

6

suffer a "clearly defined and serious injury" from disclosure. Doc. 222 at 7 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Yet, despite now having had multiple opportunities to do so, P.F. Chang's has not identified a specific injury that would befall the company were the settlement amounts made public.

Again, P.F. Chang's relies primarily on its assertion that sealing is a material term of the settlement agreement. As explained above, *supra* at I., that assertion is incorrect. The parties agreed that P.F. Chang's could make an unopposed motion. They did not agree that the settlement would rise or fall on the Court's decision whether to grant or deny the motion.

In addition, the suggestion that this Court introduced a reliance interest in continued confidentiality by approving the settlement agreement, Doc. 222 at 11, should be rejected. Once again, the settlement agreement did not guarantee confidentiality, but rather guaranteed that P.F. Chang's could *seek* confidentiality and that plaintiffs would not oppose that motion. Moreover, the Third Circuit has made clear that reliance on a confidentiality order "should not be outcome determinative" in assessing whether to later unseal. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994).

In any event, P.F. Chang's was on notice that the issue would be litigated. Pursuant to the Local Rules of the Eastern District of Pennsylvania, Professor

7

Alexander gave P.F. Chang's sixty days' notice that she intended to file a motion to unseal the settlement agreement on June 21, 2024—well before the Court issued its order on August 15 preliminarily approving the settlement. Doc. 213.[3] If P.F. Chang's truly believed that Professor Alexander's motion to unseal could have impacted a material term of the agreement, it could have asked this Court to delay consideration of the settlement until after the Court considered the motion to unseal. But it did the opposite: It sought to *expedite* the Court's consideration of the agreement. Doc. 208. Not only that, in its statement seeking expedited consideration, it explicitly represented that the Court could "address the motion to unseal *after* deciding preliminary approval." Doc. 208 at 3 n. 1 (emphasis added). It cannot now claim otherwise.

## CONCLUSION

This Court should grant Professor Alexander's motion to intervene and motion to unseal.

September 20, 2024                    Respectfully submitted,

/s/ Michael J. Quirk
Michael J. Quirk, Esq.
PA Attorney I.D. No. 204677
Motley Rice LLC

---

[3] Not infrequently, courts take less than two months to grant a joint motion for preliminary approval of a settlement, meaning that—on P.F. Chang's theory that settlement terms cannot be unsealed once a court issues a preliminary approval order—the public may *never* have an opportunity to assert its interest.

8

40 West Evergreen Ave., Suite 104
Philadelphia, PA 19118
(610) 579-9932
mquirk@motleyrice.com

Lauren E. Bateman (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
lbateman@citizen.org

*Attorneys for Proposed Intervenor
Charlotte Alexander*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, I electronically filed this document using the ECF System, which will send notification to the ECF counsel of record.

/s/ Michael J. Quirk
Michael J. Quirk, Esq.
PA Attorney I.D. No. 204677
Motley Rice LLC
40 West Evergreen Ave., Suite 104
Philadelphia, PA 19118
(610) 579-9932
mquirk@motleyrice.com
