IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN BELT and GRACE CASTRO,** individually and on behalf of all others similarly situated and the Putative Classes<br><br>Plaintiffs,<br><br>v.<br><br>**P.F. CHANG'S CHINA BISTRO, INC.**<br>Defendant. | Civil Action No.: 18-3831-AB |

**STIPULATION AND [PROPOSED] ORDER AND JUDGMENT GRANTING FINAL SETTLEMENT APPROVAL**

The Parties respectfully submit the following stipulation for final approval, pursuant to the Court's Order granting preliminary approval (ECF No. 213). The Preliminary Approval Order anticipated a final approval hearing on November 22, 2024, with this stipulation due one week prior. The Parties are therefore submitting this stipulation according to that deadline, even though, as discussed below, the Extended Notice Period does not close until November 25, 2025.

The Parties address the distribution of notice and the response of the FLSA Opt-in Plaintiffs, particularly as these relate to the second *Girsh* factor, the reaction of the class to the settlement. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The Parties respectfully submit that nothing has changed regarding the other *Girsh* factors since the Court granted preliminary approval, and so the Court may properly grant final approval based on this Stipulation. The Parties hereby agree and stipulate as follows:

1

**Notice Distribution**

1. The Court held an in-person preliminary approval hearing on August 14, 2024, at which the Parties were represented by counsel. (*See* ECF No. 211.)

2. The following day after the preliminary approval hearing, the Parties submitted a revised proposed order (ECF No. 212), and the Court granted preliminary approval (ECF No. 213).

3. The settlement administrator distributed notice on August 26, 2024. The notice was mailed to 6,172 individuals, emailed to 5,480 individuals with valid email addresses, and sent by text message to 5,782 individuals. Pursuant to the settlement agreement, the Initial Notice Period was 60 days, so the notice advised the Opt-in Plaintiffs to respond by October 25, 2024.

4. During the Initial Notice Period, Plaintiffs' Counsel sent two additional reminder email messages to those Opt-ins who had not submitted release forms reminding them of the response deadline.

5. The Settlement Agreement provided that, for any FLSA Opt-in Plaintiffs who do not respond within the Initial Notice Period, the Parties would work together to conduct additional outreach efforts over the next thirty days to attempt to obtain a response (the "Extended Notice Period"). (Agreement ¶ II.A.2.) Accordingly, the Parties agreed that the administrator would send a supplemental notice by all three means of distribution used initially (U.S. mail, email, and text message). The administrator distributed these reminder notices on October 31, 2024. The final response deadline for the extended notice period is November 25, 2024.

6. During the Extended Notice Period, Plaintiffs' Counsel sent one additional reminder

email message to those Opt-ins who had not submitted release forms reminding them of the response deadline.

7. According to the settlement administrator, 824 settlement notices were returned, and 648 of those were successfully remailed. Only 79 notices remain undeliverable out of 6,172 mailed notices (1.3%).

8. The Parties agree that this notice process provided the best practicable notice to the FLSA Opt-in Plaintiffs, providing notice by multiple delivery methods over three months, including multiple reminders from Counsel and formal reminders from the administrator. The notice distribution, including the successful delivery rate, supports final approval. *See Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 2:18-CV-1370, 2020 WL 3481458, at *14 (W.D. Pa. June 26, 2020) (noting the "stellar notice-delivery rate of 98%.")

**Settlement Response**

9. As of this submission, the settlement administrator has received 3,060 valid release of claims forms. This amounts to 49.6% of the 6,172 Plaintiffs. Pursuant to the Settlement Agreement, those FLSA Opt-in Plaintiffs who do not respond by the end of the Extended Notice Period ("Non-Responders") will have their claims dismissed with prejudice (although already-filed proceedings would not be impacted) (Agreement ¶ II.G.4.a.). Any amounts allocated to Non-Responders will be reallocated pro rata to the Settling Plaintiffs. (*Id.* ¶ II.G.4.b.)

10. As of this submission, the settlement administrator has received 1 valid request for exclusion (less than 0.02% of the 6,172 Plaintiffs). Defendant will not pay any amounts that were initially allocated to the Rejecter. (*Id.* ¶ II.G.3.) Any Rejecter will receive no payment under the Agreement, will have their claims dismissed without prejudice, and will

have 30 days of tolling after the Approval Date to file a new case (in addition to their consent-based tolling while this case was pending). (*Id.* ¶ II.G.3.b.)

11. As of this submission, the settlement administrator has received no objections to the settlement.

12. The Parties agree that this response reflects an extremely positive reaction of the class, strongly favoring settlement approval. For example, in the recent *Rossini* case, the court found a "very positive" reaction where 4% of class members submitted claims to participate in the claims-made portion of the settlement, with a total 148 opt-outs out of roughly 30,000 total class members. *Rossini*, 2020 WL 3481458, at *14. *See also Jackson v. Wells Fargo Bank, N.A.*, 136 F. Supp. 3d 687, 706 (W.D. Pa. 2015) (finding that 13% response rate "appears to be fairly high in the area of consumer lending and supports settlement.").

### Next Steps

13. The Parties respectfully submit that the reaction of the class strongly supports settlement approval, the other *Girsh* factors support approval for all the reasons explained in the motion for preliminary approval, and ask that the Court grant final approval so that this matter may be closed and the FLSA Opt-in Plaintiffs may receive payment.

14. Because the Extended Notice Period does not close until November 25, and the administrator may need additional days to process timely release forms, the Parties propose that the Parties update the Court on the final settlement responses by December 2, 2024 (7 days after the close of the Extended Notice Period).

15. On December 2, 2024 (7 days after the close of the Extended Notice Period), the Parties will file a stipulation stating the number of Settling Plaintiffs, the number of Rejecters, the

4

number of Non-Responders, and identifying whether any objections have been received. The Parties propose that the Court enter the following [Proposed] Order and Judgment upon completion of the Extended Notice Period. Defendant's payment obligations will then be triggered pursuant to the terms of the settlement agreement.

So stipulated.

Respectfully submitted,

Date:  November 15, 2024

| | |
|---|---|
| **NICHOLS KASTER, PLLP**<br>s/Daniel S. Brome<br>Reena I. Desai*<br>Caitlin L. Opperman*<br>4700 IDS Center, 80 S. 8th Street<br>Minneapolis, MN 55402<br>Telephone:  (612) 256-3200<br>Email:  rdesai@nka.com<br>         copperman@nka.com<br><br>Daniel S. Brome*<br>235 Montgomery Street<br>Suite 810<br>San Francisco, CA 94104<br>Telephone:  (415) 277-7235<br>Email:  dbrome@nka.com<br><br>*Admitted pro hac vice<br><br>**SCHALL & BARASCH**<br>Patricia A. Barasch<br>110 Marter Ave, #302<br>Moorestown, NJ 08057<br>Telephone: (856) 914-9200<br>Email:  pbarasch@schallandbarasch.com<br><br>*Attorneys for Plaintiffs and others similarly situated* | **SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP**<br>s/Michael McTigue<br>Michael W. McTigue Jr.<br>Meredith C. Slawe<br>Colm P. McInerney (*pro hac vice*)<br>One Manhattan West<br>New York, NY 10001<br>Telephone:  (212) 735-3000<br>Fax:  (212) 735-2000<br>Email:  michael.mctigue@skadden.com<br>         meredith.slawe@skadden.com<br>         colm.mcinerney@skadden.com<br><br>**EPSTEIN BECKER & GREEN P.C.**<br>Paul DeCamp<br>1227 - 25th St NW, Suite 700<br>Washington, DC 20037<br>Telephone: (202) 861-1819<br>Fax: (202) 861-3571<br>Email: pdecamp@ebglaw.com<br><br>Kathleen A. Barrett<br>227 W. Monroe Street, Suite 3250<br>Chicago, IL 60606<br>Telephone: (312) 499-1400<br>Emails: kbarrett@ebglaw.com<br><br>Jill K. Bigler<br>375 North Front Street, Suite 325<br>Columbus, OH 43215 |

5

        Telephone: (614) 872-2418
        Email: jbigler@ebglaw.com

*Attorneys for Defendant*
*P.F. Chang's China Bistro, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was filed electronically on November 15, 2024 pursuant to the service requirements of the ECF/CM for the Eastern District of Pennsylvania, which will notify all counsel of record.

        s/ Daniel S. Brome
        Daniel S. Brome

## [PROPOSED] ORDER AND JUDGMENT ON STIPULATION FOR FINAL SETTLEMENT APPROVAL

AND NOW, this ____ day of _____, 2024, upon consideration of the Parties' Stipulation for Final Settlement Approval, it is hereby ORDERED that said Final Approval is Granted in full, as follows:

The Court finds that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). *Fried v. Ideal Concepts Inc.*, 2018 WL 6587919, at *1 (E.D. Pa. July 17, 2018).

The Parties disputed the application of the FLSA's tip credit regulations to Plaintiffs, and whether the Plaintiffs could pursue minimum wages in light of those regulations, and if so, the amount of wages they could seek. The Parties disputed whether Plaintiffs could recover liquidated damages, and the appropriate statute of limitations. For these reasons, this case involved a *bona fide* dispute.

The Court also finds that the settlement is fair and reasonable. The Parties reached a resolution after years of litigation and ample discovery, with the assistance of a skilled and experienced mediator. Further, the monetary recovery is within the range of reasonableness, and reflects the risks of further litigation. Specifically, continued litigation would have involved extensive depositions, risk of decertification, risks on the merits, and risks establishing damages for the collective.

The requested attorneys' fees and costs are reasonable in light of the settlement value and the work performed on this case. The requested costs and Named Plaintiff service awards are likewise approved.

The Court further finds that the settlement furthers FLSA implementation. The release is appropriately tailored to the claims in the case. The modest limitations on publicity and

7

disclosure of monetary amounts do not frustrate the FLSA's purposes.

      Finally, the Court finds that the settlement provided the best notice practicable, and that the reaction of the FLSA Opt-in Plaintiffs was strongly positive, supporting approval.

The Settlement is hereby approved in its entirety. Let Judgment be entered accordingly.

Dated: _____, 2024     _____
                                                                                    The Honorable Anita B. Brody
                                                                                    United States District Judge