IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN BELT, *et al.*, <br>     Plaintiffs. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> No. 18-3831 |
| v. | | |
| P.F. CHANG'S CHINA BISTRO, INC., <br>     Defendant. | | |

# **MEMORANDUM**

Non-party Professor Charlotte Alexander moves to intervene for "the limited purpose of moving the Court to unseal portions of the record in this case"—namely, redacted monetary amounts in an otherwise publicly-filed Fair Labor Standards Act ("FLSA") settlement agreement. Mot. to Intervene, ECF No. 214; *see also* Mot. to Unseal, ECF No. 216. For the following reasons, the Court will deny both motions.

## I.  **LEGAL STANDARDS**

### A.  **Permissive Intervention**

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). To prevail on a motion for permissive intervention, the moving party must satisfy two requirements: (1) the motion must be timely; and (2) the moving party must have a claim or defense that shares a common question of

1

law or fact with the main action. *See id*. However, the decision to grant such a motion is ultimately "within the discretion of the district court." *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### B. Common Law Right of Access

The existence of a common law right of access to judicial records is "beyond dispute." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984) (internal citation omitted). "Once a settlement is filed in the district court, it becomes a judicial record" and is accorded a presumptive right of public access. *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986).

"Although the right of access to judicial records is 'beyond dispute,' it is not absolute." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011) (quoting *Nixon v. Warn Commc'ns*, 435 U.S. 589, 598 (1978)). "The presumption of access is just that, and thus may be rebutted." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (cleaned up). The party seeking to overcome the presumption "bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" *Id.* (quoting *Bank of Am.*, 800 F.2d at 344). The party does so by demonstrating "that the material is the kind of information that

courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

## II. DISCUSSION

### A. Motion to Intervene (ECF No. 214)

The Court finds that Professor Alexander has standing[1] and has satisfied both of Rule 24(b)(1)(b)'s requirements for permissive intervention.[2] Nonetheless, because her intervention stands to "unduly delay or prejudice the adjudication of the original parties' rights," the Court will exercise its Rule 24(b)(3) discretion and deny her motion to intervene. Fed. R. Civ. P. 24(b)(3).

---

[1] "Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.' That case-or controversy requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). As a third party challenging an order restricting her access to information, Professor Alexander need only show that the order "presents an obstacle to [her] attempt to obtain access." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 777 (3d Cir. 1994). The Court finds that Professor Alexander has made that showing, and accordingly, has standing to intervene.

[2] The Court finds that Professor Alexander's motion was timely and meets Rule 24's "common question" requirement. When Professor Alexander moved to intervene for purposes of unsealing the redacted portions of the Settlement Agreement, this case was far from over: indeed, she moved only six days after the Court had preliminarily approved the Settlement Agreement. *See* Order Granting Mot. to Preliminarily Approve FLSA Settlement, ECF No. 213 (filed August 15, 2024); Mot. to Intervene, ECF No. 214 (filed August 21, 2024). Her motion was thus unquestionably timely. *See Pansy*, 23 F.3d at 779 ("[I]ntervention to challenge confidentiality orders may take place [even] long after a case has been terminated."). Her motion also readily satisfies Rule 24's "common question" requirement "[b]y virtue of the fact that [she] challenge[s] the validity of [an] Order of Confidentiality entered in the main action." *Id.* at 778.

P.F. Chang's does not dispute that Professor Alexander has satisfied both of Rule 24(b)(1)(b)'s permissive intervention requirements. Rather, it argues that Professor Alexander's motion should be denied because granting it will "unravel the settlement." Def.'s Resp. 4, ECF No. 222. P.F. Chang's claims that redaction of monetary amounts was "unmistakably a material term" of the Settlement Agreement; accordingly, allowing Professor Alexander to intervene for purposes of unsealing these amounts would "void" the agreement the parties spent months negotiating and finalizing. *Id.* Professor Alexander disagrees. She contends "that the parties did not premise settlement on the secrecy of the monetary terms" because the Settlement Agreement (1) gives the Court the discretion to seal the settlement amounts; and furthermore, (2) "contains no provision allowing [P.F. Chang's] to void the agreement" if the Court decides not to seal them. *See* Reply 4, ECF No. 223.

P.F. Chang's interpretation of the Settlement Agreement—and more specifically, the materiality of the redactions to the continued viability of the Settlement Agreement—proves stronger. The Settlement Agreement provides, in relevant part:

> a. Preliminary Approval. On or before May 9, 2024, Counsel for Defendant shall file Defendant's Motion for Leave to File Joint Motion for Preliminary Approval of Settlement and Related Papers with Monetary Amounts

> Redacted. Plaintiffs will not oppose this motion . . . On or before May 16, 2024, the parties shall file a Motion for Preliminary Approval. The Parties anticipate requesting final certification of the FLSA collective for settlement purposes as part of the Motion for Preliminary Approval.
>
> b. Should the Court decline to approve all material aspects of the Settlement, or order material changes to the Settlement to which the Parties do not agree, the Settlement will be null and void and the Parties will have no further obligations under it. An award by the Court of lesser amounts than sought for the Named Plaintiff Service Payments or Plaintiffs' Counsel Fees and Expenses Payment will not be a material modification of the Settlement.

Joint Mot. for Settlement Approval Ex. 1 (Settlement Agreement), at 3, ECF No. 203-3. Subsection (a) expressly provides that P.F. Chang's will move—unopposed—for preliminary approval of the Settlement Agreement "with monetary amounts redacted." *Id.* (cleaned up). Subsection (b) then gives the parties a safety valve: if, after reviewing P.F. Chang's motion for preliminary approval, the Court "decline[s] to approve all material aspects of the Settlement or "order[s] material changes" to it, the Settlement Agreement will become "null and void." *Id.*[3] Read

---

[3] Additionally, while subsection (b) does not spell out what qualifies as a "material" aspect or change, it does specify that a lesser award by the Court "will *not* be a material modification of the Settlement." *Id.* (emphasis added). If the Court's decision on P.F. Chang's request for redaction were immaterial as Professor Alexander claims, subsection (b) seemingly would have said so. *See* A. SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012) ("Negative–Implication Canon[:] The expression of one thing implies the exclusion of others . . . .").

5

together, subsections (a) and (b) make clear that (1) the settlement was and remains premised on the redaction of the monetary amounts in the Settlement Agreement; and (2) the Settlement Agreement will become "null and void" if the Court orders those amounts unsealed.  Joint Mot. for Settlement Approval Ex. 1 (Settlement Agreement), at 3, ECF No. 203-3.  Extrinsic evidence of the parties' settlement negotiations confirms that redaction is "critical" to the continued viability of the Settlement Agreement:  if undone, the Settlement Agreement will fall apart.  *See* Def.'s Resp. Ex. 1 (Decl. of Meredith C. Slawe), ECF No. 222-1 (describing months-long negotiations between the parties regarding redactions at issue).

    At this phase of the case, voiding the Settlement Agreement would severely delay and prejudice the adjudication of the parties' rights.  Consider the best- and worst-case scenarios.  At best, the parties would "immediately renegotiate a [new] Settlement Agreement"; however, those negotiations "coupled with the preparation of yet another Joint Motion for Preliminary Approval" would "force the parties to incur additional costs and attorneys' fees that would erode any settlement amount Plaintiffs negotiated [] and delay the time in which Plaintiffs receive their settlement shares . . ."  Def.'s Resp. 5, ECF No. 222; *see also* Joint Supp. Statement on Mot. for Prelim. Approval, ECF No. 208 (explaining "the significance of promptly resolving the settlement review" so that collective members receive payment in

2024). At worst—and the most likely outcome, due to the Court of Appeals for the Fifth Circuit's August 2024 vacatur of the 80/20 rule—P.F. Chang's would abandon settlement negotiations entirely. *See id*. at 5-6 (explaining how P.F. Chang's would move for reconsideration of their motion for judgment on the pleadings).[4] The Court declines to delay or risk payment to the "thousands of workers throughout the country" who stand to benefit from the partially redacted Settlement Agreement and will therefore deny Professor Alexander's motion to intervene. Joint Supp. Statement on Mot. for Prelim. Approval 2, ECF No. 208.

### B.  Motion to Unseal (ECF No. 216)

Because the Court declines to allow Professor Alexander to intervene, the Court must deny her motion to unseal as moot. But even if the Court had permitted

---

[4] As P.F. Chang's explains in its opposition brief, Plaintiffs initiated this suit in 2018 based on P.F. Chang's alleged violation of the Department of Labor's "80/20 Rule." *See* Def.'s Resp. 2, ECF No. 222. In August 2019, the Court denied P.F. Chang's motion for judgment on the pleadings, in large part by rejecting P.F. Chang's argument that the 80/20 Rule was not entitled to *Chevron* deference. *See Belt v. P.F. Chang's China Bistro, Inc.*, 401 F. Supp. 3d 512, 526-38 (E.D. Pa. 2019) (awarding *Chevron* deference to 80/20 Rule, declining to award *Auer* or *Skidmore* deference to Department of Labor's 2018 opinion letter, and ultimately concluding that "Plaintiffs' claim . . . is legally cognizable" under the FLSA). As of June 2024, however, *Chevron* is no longer, *see Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024), which in turn allowed the Court of Appeals for the Fifth Circuit to vacate the 80/20 Rule in August 2024, *see Restaurant Law Center v. United States Department of Labor*, 120 F.4th 163, 177 (5th Cir. 2024). The Court need not and declines to opine on exactly what impact *Restaurant Law Center* would have on the instant case if the parties were to renegotiate or if P.F. Chang's were to move for reconsideration of their motion for judgment on the pleadings. *See, e.g.,* Mila Sohoni, *The Past and Future of Universal Vacatur*, 133 YALE L. J. 2304, 2308-11 (May 2024) (discussing how the propriety of universal vacatur remains an open question). However, as a matter of common sense, a decision vacating the rule upon which Plaintiffs' entire case is based would place Plaintiffs in a less advantageous position in either settlement negotiations or continued litigation.

7

her intervention, the Court would nonetheless deny her motion to unseal on the merits.

The Court acknowledges the "prevailing, if not overwhelming" consensus against sealing FLSA settlement agreements. *Weismantle v. Jali*, 2015 WL 1866190, at *2 (W.D. Pa. Apr. 23, 2015); *see also id.* at *1-2 (collecting cases). The Court further acknowledges—as it has done before—that "[p]ublic access to judicial records is particularly appropriate in the context of the FLSA" due to the "'public-private' character of FLSA employee rights" and the need to protect "the public's independent interest in assuring that employees' wages are fair . . . ." *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (internal citation omitted). The Court thus agrees that "absent something very special in a very specific case[,]" a FLSA settlement agreement should not be sealed. *Weismantle*, 2015 WL 1866190, at *2.

The instant case presents that "very special" something that warrants continued sealing: an intervening change in law that significantly diminishes (and arguably extinguishes) the public utility of the FLSA settlement agreement at issue. *See supra* n. 4 (discussing vacatur of 80/20 Rule); *see also Hill v. Medicare Transp., Inc.*, 2019 WL 5425167, at *2 (N.D. Ohio Oct. 22, 2019) (granting joint motion to approve confidential FLSA settlement in part because "[m]embers of the public

st[ood] to learn little about the value of this FLSA dispute by viewing the terms of the [s]ettlement."). To the extent the Settlement Agreement has *any* remaining public utility, the Court finds that publishing it on the docket with only the settlement amounts redacted "strikes a balance" between P.F. Chang's interest in avoiding undue speculation and the public's interest in fair wages. *Cardwell v. RPM Wholesale & Parts, Inc.*, 2021 WL 5563979, at *3 (E.D. Mich. Nov. 29, 2021). Moreover, as discussed above, redacting the settlement amounts was a material term of the parties' agreement, and unsealing those amounts would nullify it. *See Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 969 (E.D. Mich. 2021) (granting joint motion to approve settlement with monetary amounts redacted where "confidentiality of the monetary amounts was a material term of the settlement, vigorously debated over the course of their mediation[,]" without which "the Parties indicated they would not have reached an agreement"). After six years of litigation and negotiations, nullifying their agreement would unquestionably inflict "a clearly defined and serious injury" to the parties—most importantly, the thousands of workers who currently stand to benefit despite the vacatur of the 80/20 Rule. *In re Avandia*, 924 F.3d at 672; *see also Athan*, 523 F. Supp. at 969 ("Going back to the drawing board in a case as complex as this, where the terms of the agreement appear favorable to the Plaintiffs, would not serve the public interest."). For all these

reasons, the Court finds that in this "very specific case," the presumption of public access is overcome. *Weismantle*, 2015 WL 1866190, at *2.

## III. CONCLUSION

For the foregoing reasons, the Motion to Intervene (ECF No. 214) is **DENIED** and the Motion to Unseal (ECF No. 216) is **DENIED AS MOOT**.

                                             s/ANITA B. BRODY, J.
                                            ANITA B. BRODY, J.